*In re* VANIDESTINE

Docket No. 120690. Submitted May 16, 1990, at Marquette. Decided November 6, 1990, at 9:15 A.M.

The Menominee County Prosecutor filed a petition initiating juvenile delinquency proceedings in the Menominee County Probate Court against Michael J. Vanidestine, alleging that the respondent had engaged in unlawful criminal sexual conduct involving a six-year-old child. At trial before a jury and upon the respondent's stipulation, the alleged victim's testimony was presented in the courtroom by means of two-way closed circuit television. The jury found the respondent to have violated the statute proscribing second-degree criminal sexual conduct. The court, William A. Hupy, J., committed the respondent to the supervision of the Department of Social Services. The respondent appealed, claiming that the probate court, in allowing the child to testify by means of television, failed to comply with the requirements of the statute which governs special arrangements to protect the welfare of child witnesses.

The Court of Appeals *held:*

The respondent, by stipulating to the use of television, waived the right to challenge its use on the basis of the statute.

Affirmed.

WITNESSES — JUVENILE DELINQUENCY PROCEEDINGS — SPECIAL ARRANGEMENTS TO PROTECT WITNESSES.

A respondent in juvenile delinquency proceedings in probate court waived the right to challenge  statutory requirements regarding special arrangements employed to protect the welfare of a child witness by stipulating to the special arrangements employed (MCL 712A.17b; MSA 27.3178[598.17b]).

*Daniel Hass,* Prosecuting Attorney, and *Michael*

REFERENCES

Am Jur 2d, Infants § 17.5; Juvenile Courts and Delinquent and Dependant Children § 67.

Closed-circuit television witness examination. 61 ALR4th 1155.

*A. Rola,* Assistant Prosecuting Attorney, for the petitioner.

*Gifford D. Smith,* for the respondent.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

PER CURIAM. Respondent appeals as of right from the August 23, 1989, order of commitment of the Menominee County Probate Court committing respondent, a juvenile, to the supervision of the Department of Social Services following his jury conviction for second-degree criminal sexual conduct in violation of MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Respondent contends that the trial court exceeded its powers under MCL 712A.17b; MSA 27.3178(598.17b) by ordering that the child victim's testimony be taken outside of respondent's presence by means of a two-way closed-circuit television hookup with the courtroom. We affirm.

Protective measures to safeguard the psychological well-being of child witnesses are set forth in MCL 712A.17b; MSA 27.3178(598.17b), which provides in pertinent part:

(3) If pertinent, the witness shall be permitted the use of dolls or mannequins, including, but not limited to, anatomically correct dolls or mannequins, to assist the witness in testifying on direct and cross-examination.

(4) A witness who is called upon to testify shall be permitted to have a support person sit with, accompany, or be in close proximity to the witness during his or her testimony. A notice of intent to use a support person shall name the support person, identify the relationship the support person has with the witness, and shall give notice to all parties to the proceeding that the witness may request that the named support person sit with

the witness when the witness is called upon to testify during any stage of the proceeding. The notice of intent to use a named support person shall be filed with the court and shall be served upon all parties to the proceeding. The court shall rule on any motion objecting to the use of a named support person prior to the date at which the witness desires to use the support person.

\*   \*   \*

(8) Except as otherwise provided in subsection (11), if, upon the motion of any party or in the court's discretion, the court finds on the record that psychological harm to the witness would occur if the witness were to testify in the presence of the respondent at a court proceeding or in a videotape deposition taken pursuant to subsection (9), the court shall order that the witness during his or her testimony be shielded from viewing the respondent in such a manner as to enable the respondent to consult with his or her attorney and to see and hear the testimony of the witness without the witness being able to see the respondent.

\*   \*   \*

(10) In a proceeding brought pursuant to section 2(a)(1) of this chapter where the alleged offense, if committed by an adult, would be a felony under section 136b, 145c, 520b to 520e, or 520g of Act No. 328 of the Public Acts of 1931, or under former section 136 or 136a of Act No. 328 of the Public Acts of 1931, if upon the motion of any party made before the adjudication stage, the court finds on the record that the special arrangements specified in subsection (11) are necessary to protect the welfare of the witness, the court shall order 1 or both of those special arrangements. In determining whether it is necessary to protect the welfare of the witness, the court shall consider the following:

(a) The age of the witness. (b) The psychological maturity of the witness. (c) The nature of the offense or offenses.

(11) If the court determines on the record that it

is necessary to protect the welfare of the witness and grants the motion made under subsection (10), the court shall order 1 or both of the following:

(a) In order to protect the witness from directly viewing the respondent, the courtroom shall be arranged so that the respondent is seated as far from the witness stand as is reasonable and not directly in front of the witness stand. The respondent's position shall be located so as to allow the respondent to hear and see all witnesses and be able to communicate with his or her attorney.

(b) A questioner's stand or podium shall be used for all questioning of all witnesses by all parties, and shall be located in front of the witness stand.

(12) In a proceeding brought pursuant to section 2(a)(1) of this chapter where the alleged offense, if committed by an adult, would be a felony under section 136b, 145c, 520b to 520e, or 520g of Act No. 328 of the Public Acts of 1931, or under former section 136 or 136a of Act No. 328 of the Public Acts of 1931, if, upon the motion of any party or in the court's discretion, the court finds on the record that the witness is or will be psychologically or emotionally unable to testify at a court proceeding even with the benefit of the protections afforded the witness in subsections (3), (4), and (11), the court shall order that a videotape deposition of a witness shall be taken to be admitted at the adjudication stage instead of the live testimony of the witness.

Subsections (10), (11), and (12) above specifically relate to delinquency proceedings, such as this one, where the original proceedings were brought pursuant to MCL 712A.2(a)(1); MSA 27.3178(598.2)(a)(1).

Respondent argues that the record fails to provide a sufficient factual basis for a finding of particularized necessity to protect the victim in this case, as required by *Coy v Iowa,* 487 US 1012; 108 S Ct 2798; 101 L Ed 2d 857 (1988), in order to

outweigh his right to face-to-face confrontation provided by the Sixth Amendment to the United States Constitution and made applicable to the states through the Fourteenth Amendment. However, since trial was held in this matter, the United States Supreme Court has released its most recent pronouncement on this subject in *Maryland v Craig,* 497 US —; 110 S Ct 3157; 111 L Ed 2d 666 (1990).

*Craig, supra,* involved a procedural setup substantially similar to the one used here for taking the testimony of a child witness outside the child's view of the defendant. The Maryland statute in *Craig* essentially allowed the trial court to have the testimony of a child victim taken by means of a closed-circuit television hookup with the courtroom where "[t]he judge determines that testimony by the child victim in the courtroom will result in the child suffering serious emotional distress such that the child cannot reasonably communicate." Md Cts & Jud Proc Code Ann § 9-102(a)(1)(1989); *Craig,* 111 L Ed 2d 675, n 1.

While recognizing that the state's interest in protecting child victims from further trauma is "compelling," *Craig,* 111 L Ed 2d 683, Justice O'Connor, writing for the majority, explained the particularized finding of necessity which the trial court must nevertheless make before the defendant's right to face-to-face confrontation will give way:

> The requisite finding of necessity must of course be a case specific one: the trial court must hear evidence and determine whether use of the one-way closed circuit television procedure is necessary to protect the welfare of the particular child witness who seeks to testify. . . . The trial court must also find that the child witness would be traumatized, not by the courtroom generally, but by the

presence of the defendant. . . . Denial of face-to face confrontation is not needed to further the state interest in protecting the child witness from trauma unless it is the presence of the defendant that causes the trauma. In other words, if the state interest were merely the interest in protecting child witnesses from courtroom trauma generally, denial of face-to-face confrontation would be unnecessary because the child could be permitted to testify in less intimidating surroundings, albeit with the defendant present. Finally, the trial court must find that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimus, i.e., more than "mere nervousness or excitement or some reluctance to testify". . . . We need not decide the minimum showing of emotional trauma required for use of the special procedure, however, because the Maryland statute, which requires a determination that the child witness will suffer "serious emotional distress such that the child cannot reasonably communicate," § 9-102(a)(1)(ii), clearly suffices to meet constitutional standards. [*Craig,* 111 L Ed 2d 685; citations omitted.]

However, even where the standard of particularized necessity has been satisfied, the alternate procedure employed to take the child witness' testimony must still protect the "essence" of the defendant's Sixth Amendment right to confrontation:

In sum, we conclude that where necessary to protect a child witness from trauma that would be caused by testifying in the physical presence of the defendant, at least where such trauma would impair the child's ability to communicate, the Confrontation Clause does not prohibit use of a procedure that, despite the absence of face-to-face confrontation, ensures the reliability of the evidence by subjecting it to rigorous adversarial testing and thereby preserves the essence of effective confron-

tation. Because there is no dispute that the child witnesses in this case testified under oath, were subject to full cross-examination, and were able to be observed by the judge, jury, and defendant as they testified, we conclude that, to the extent that a proper finding of necessity has been made, the admission of such testimony would be consonant with the Confrontation Clause. [*Craig,* 111 L Ed 2d 686.]

In this case, following an evidentiary hearing, the trial judge did provide a sufficient factual basis on the record to support his finding of necessity, stating:

And I find in this case that the child, age six, does need special protection. I considered, pursuant to the statute, the age of the witness—she is six years of age—and a child who is younger would tend to need more special protection, and I think that's obvious from the testimony of Jeff Morzinski to that effect that as children mature they tend to rely less and less upon their parents.

I've also considered the psychological maturity of the witness, pursuant to the statute. And I've considered also the testimony that she is still suffering from nightmares, that she's clung close to her father when confronting this same juvenile at a carnival some one month after the baby-sitting incident, and the testimony also that she would not go into that bathroom alone to this date.

. . . I do believe that that shows the psychological maturity of the witness and that she is not able to cope with this.

And also given the nature of the offense. This certainly is a very a [sic] grievous offense and it certainly would be something that a six-year-old, or I guess a child of any age would be quite embarrass[ed] to relate.

And given the testimony that she still suffers from the nightmares . . . even though that may be

diminishing; that she has this tic, even though that may be diminishing; that she still will not go into that bathroom; that she is upset; and coupling that with the testimony of Jeff Morzinski that any child would experience trauma and that this particular child will experience trauma, is enough in my mind to say that it comports with the requirements of MCL 712A.17b and that therefore there is—it is necessary to protect her welfare.

Next, with regard to the procedure used in this case, respondent does not contend that it was constitutionally defective, i.e., that it denied him the essence of his Sixth Amendment right to confrontation. Rather, respondent argues that the trial court's use of the two-way closed-circuit television setup was error because it did not comply with the statutory procedure outlined in subsection (11) of MCL 712A.17b; MSA 27.3178(598.17b). In the alternative, respondent argues that the trial court erred by not first examining the feasibility of less drastic measures permitted under the statute. While we are not inclined to agree with respondent that the procedure used here is not permissible under the language of the statute, the record in the court below makes it clear that respondent waived this issue for appeal. At the motion hearing in which the procedure was discussed, defense counsel expressly agreed and stipulated to the two-way closed-circuit television arrangement, and the trial court based its decision to use that specific procedure on that stipulation. Defense counsel's stipulation is binding on respondent. MCR 2.507(H); *In re Freiburger,* 153 Mich App 251, 261; 395 NW2d 300 (1986).

Affirmed.