PEOPLE v ARRIAGA

Docket No. 136120. Submitted November 17, 1992, at Lansing. Decided April 5, 1993, at 10:10 A.M.

Jose L. Arriaga pleaded guilty in the Ingham Circuit Court of possession of more than 50, but less than 225, grams of cocaine. As part of the plea agreement, the prosecution promised to take no position with regard to the defendant's request for a sentence less than the mandatory ten-year minimum term. The court, James R. Giddings, J., found substantial and compelling reasons to depart from the mandatory minimum sentence and sentenced the defendant to three to twenty years' imprisonment. The prosecutor appealed, alleging that the court abused its discretion in finding substantial and compelling reasons to depart from the mandatory minimum.

The Court of Appeals *held:*

Although the prosecutor may appeal from an unlawful sentence, the sentence imposed by the court was not unlawful. The trial court had discretion to depart from the statutory mandatory minimum sentence, pursuant to MCL 333.7403(3); MSA 14.15(7403)(3), upon finding substantial and compelling reasons to do so. The prosecutor's appeal from the lawful sentence was a breach of the agreement with the defendant. The Court of Appeals will not condone the breach by evaluating the trial court's discretion in sentencing the defendant.

Affirmed.

1. CRIMINAL LAW — PLEA AGREEMENTS.

The prosecution is bound by the terms of a plea agreement although a trial court is not; however, once a court accepts a plea induced by an agreement, the terms of the agreement must be followed.

2. SENTENCES — PLEA AGREEMENTS — PROSECUTING ATTORNEYS — APPEAL.

A prosecuting attorney's agreement to take no position with

REFERENCES

Am Jur 2d, Criminal Law §§ 483-485.

Supreme Court's views as to plea bargaining and its effects. 50 LEd 2d 876.

regard to a defendant's request for a sentence less than the mandatory minimum as part of a plea agreement is breached where the prosecuting attorney appeals from a sentence imposed by the court that is less than the mandatory minimum sentence and is lawful pursuant to a statute providing that the court may, in its discretion, depart from the statutory mandatory minimum sentence for substantial and compelling reasons (MCL 333.7403[3]; MSA 14.15[7403][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: TAYLOR, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. This is a prosecutor's appeal. Defendant pled guilty to possession of more than 50 but less than 225 grams of cocaine. MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). His sentence was three to twenty years in prison. The prosecution argues on appeal that the trial court abused its discretion in finding substantial and compelling reasons to depart from the mandatory ten year minimum prison term. We affirm.

During the plea hearing, the prosecuting attorney agreed to "take no position" on defendant's request for a sentence below the mandatory minimum. However, she did point out that the court was bound by statute and case law. At one point, the judge directed this question to the defendant's attorney:

*The Court:* . . . so the Prosecutor in terms of whether you can present substantial and compel-

ling reasons to deviate from the minimum, the Prosecutor has indicated she will not take a position on that?

Defense counsel answered in the affirmative. The prosecutor did not respond. She admitted that the agreement as placed on the record was an accurate and complete statement of the plea bargain.

A month later, at defendant's sentencing hearing, the prosecutor argued that there were no substantial and compelling reasons for the court to depart from the mandatory minimum sentence. The hearing was adjourned to allow the court to review the terms of the plea agreement. At its continuation, the court concluded that the prosecutor could take no position regarding defendant's request for a sentence below the mandatory minimum, due to her previous stipulation. The prosecutor again stressed that the court was bound by statute and case law, but offered no argument concerning the proposed sentencing departure. The court found substantial and compelling reasons to depart from the mandatory minimum sentence.

We decline to reach the issue raised by the prosecution on appeal. We agree with defendant that the prosecution is bound by the terms of the plea agreement. A trial court is not bound. *People v Nixten,* 183 Mich App 95, 97; 454 NW2d 160 (1990), citing *People v Killebrew,* 416 Mich 189, 207; 330 NW2d 834 (1982). However, once the court accepts a plea induced by an agreement, the terms of the agreement must be abided by. *Nixten,* 97, citing *People v Peters,* 128 Mich App 292, 295; 340 NW2d 317 (1983).

We find persuasive the rationale set forth in *Commonwealth v Fruehan,* 384 Pa Super 156; 557 A2d 1093 (1989). There, the court refused to allow the state to appeal from the discretionary aspects

of a sentence. The state had earlier consented, as part of a plea agreement, to stand mute with respect to the sentence imposed. The court refused to condone the state's breach of the agreement. *Id.,* 160-161.

The prosecution in this case promised to take no position on the proposed sentencing departure. Although it is entitled to appeal from an unlawful sentence, the sentence imposed here was not unlawful. The trial court had discretion to depart from the statutory mandatory minimum sentence. MCL 333.7403(3); MSA 14.15(7403)(3). The prosecutor's appeal from the lawful sentence constitutes a breach of the agreement with defendant. We refuse to condone the breach by evaluating the trial court's discretion in sentencing defendant as it did. See *Fruehan, supra.*

Affirmed.