PEOPLE v MOORADIAN

Docket No. 185420. Submitted January 14, 1997, at Grand Rapids. Decided
January 31, 1997, at 9:05 A.M.

James R. Mooradian pleaded guilty in the Grand Traverse Circuit
Court, Philip E. Rodgers, Jr., J., of possession of less than twenty-
five grams of cocaine and was sentenced to sixty months' proba-
tion, with the first year to be served in jail. In exchange for the
plea, two counts of conspiracy to possess 50 grams or more, but
less than 225 grams, of cocaine with intent to deliver and two
counts of delivery of 50 grams or more, but less than 225 grams, of
cocaine were dismissed. The plea was conditioned on the defend-
ant's right to appeal the trial court's denial of the defendant's
motion for specific performance of an alleged oral plea agreement
that provided for the dismissal of all charges against the defendant
in return for his performance of certain duties. The defendant
appealed.

The Court of Appeals held:

1. The trial court properly concluded that MCR 2.507(H) pre-
cluded the enforcement of any disputed agreement between the
parties that was not made in open court or evidenced by a writing
signed by the party against whom enforcement was sought. None
of the exceptions to the applicability of MCR 2.507(H) to a criminal
case, contained in MCR 6.001(D), were met in this case.

2. The defendant's claims regarding the existence of the alleged
oral agreement are not supported by the record.

3. None of the defendant's actions under the bargain occurred
before his receipt of a letter from the prosecutor indicating that the
bargain was for a charge reduction, not the dismissal of the
charges. Therefore, the defendant's argument that he took prejudi-
cial action under the alleged agreement must be rejected.

Affirmed.

CRIMINAL LAW — COURT RULES — RULES OF CIVIL PROCEDURE — APPLICATION IN
CRIMINAL TRIALS.

The provisions of MCR 2.507(H), although contained in the chapter of
the court rules covering civil procedure, apply to criminal cases
where none of the exceptions to such application stated in MCR
6.001(D) are met.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis LaBelle*, Prosecuting Attorney, and *Michael J. Stein*, Assistant Prosecuting Attorney, for the people.

*James C. Howarth*, for the defendant on appeal.

Before: HOEKSTRA, P.J., and MARKEY and J. C. KINGS-LEY*, JJ.

PER CURIAM. Defendant pleaded guilty to possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and was sentenced to sixty months' probation, with the first year to be served in jail. Defendant's plea was conditioned upon his right to appeal the trial court's denial of his motion for specific performance of a dismissal agreement that defendant alleged he had negotiated with the prosecutor. We affirm.

Following defendant's indictment by a grand jury on two counts of conspiracy to possess 50 grams or more, but less than 225 grams, of cocaine with intent to deliver, MCL 750.157a; MSA 28.354(1), MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and two counts of delivery of fifty grams or more, but less than 225 grams, of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), defendant's counsel entered into a series of discussions with the prosecutor. According to defendant, his attorney negotiated a plea bargain that was to result in the dismissal of all charges against defendant if defendant was debriefed by narcotics agents, cooperated in setting up controlled buys, and testified against any and all individu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

als charged in connection with defendant's cooperation. Although the prosecutor admits that the possible dismissal of all charges had been discussed before defendant's preliminary examination, the prosecutor claims that the bargain actually offered to and accepted by defendant involved the performance of the above duties in exchange for the opportunity to plead guilty to a reduced charge, the charge to which defendant eventually conditionally pleaded guilty. Defendant received a letter stating the prosecutor's offer immediately before his preliminary examination.

Following his preliminary examination, defendant chose to cooperate with the prosecutor, and he was debriefed on two occasions. Defendant also testified before a grand jury. After defendant had taken these steps, he received another letter from the prosecutor further clarifying the parameters of the bargain. This letter clearly indicated that the dismissal of all charges was not being offered to defendant. In an effort to hold up his end of whatever agreement actually existed, defendant then performed the controlled buy requested of him and provided further testimony against other individuals.

Defendant then moved for specific performance of the plea bargain involving the dismissal of all charges that he claimed existed. The trial court, concluding that MCR 2.507(H) precluded the enforcement of any disputed agreement between the parties that was not made in open court or was evidenced by a writing signed by the party against whom enforcement was sought, denied defendant's motion, and defendant entered his conditional plea.

On appeal, defendant claims that the trial court erred in applying MCR 2.507(H) because that court

rule is applicable only in civil cases. We disagree.
MCR 2.507(H) provides:

> An agreement or consent between the parties or their
> attorneys respecting the proceedings in an action, subse-
> quently denied by either party, is not binding unless it was
> made in open court, or unless evidence of the agreement is
> in writing, subscribed by the party against whom the agree-
> ment is offered or by that party's attorney.

While defendant is correct that this court rule is
found in the chapter covering civil procedure, defend-
ant fails to appreciate that the chapter covering crimi-
nal procedure provides for the application of some
rules of civil procedure to criminal cases. MCR
6.001(D) provides, in pertinent part:

> The provisions of the rules of civil procedure apply to
> cases governed by this chapter, except
> (1) as otherwise provided by rule or statute,
> (2) when it clearly appears that they apply to civil actions
> only, or
> (3) when a statute or court rule provides a like or different
> procedure.

Here, because none of the exceptions to the appli-
cability of MCR 2.507(H) to a criminal case are met,
we conclude that the trial court was correct in finding
that the alleged agreement was not binding because it
did not meet the requirements of MCR 2.507(H).

As further support for our conclusion, we note that
this Court has previously applied MCR 2.507(H) to a
criminal case, *People v Sawyer*, 215 Mich App 183;
545 NW2d 6 (1996), and a case involving juvenile
delinquency, *In re Vanidestine*, 186 Mich App 205;
463 NW2d 225 (1990). In both cases, this Court con-
cluded that defense counsels' stipulations regarding

either the admission of certain evidence or the manner in which certain evidence was introduced were binding upon the defendants pursuant to MCR 2.507(H).

Furthermore, to the extent that we have reviewed defendant's claims regarding the existence of the oral agreement, we agree with the trial court that defendant's claims are not supported by the record. Correspondence from the prosecutor, which by defendant's counsel's own admission precedes the date when defendant decided to accept any bargain from the prosecutor, indicates that the bargain was for a charge reduction and not a charge dismissal. Even assuming arguendo that a different bargain had been offered earlier, it is clear that that bargain was never acted upon by defendant. Because none of defendant's actions under the bargain occurred before his receipt of the letter indicating that the bargain was for a charge reduction, we reject defendant's claims that the bargain for dismissal should be enforced because defendant took prejudicial action under the agreement. Defendant's reliance on *Greenberg v Kaplan*, 277 Mich 1; 268 NW 788 (1936), and cases discussing promissory estoppel is misplaced.

Affirmed.