# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

CHAUNCEY LOUIS OWENS,

    Defendant-Appellant.

UNPUBLISHED
September 15, 2015

No. 321101
Wayne Circuit Court
LC No. 10-005806-FC

Before: MURRAY, P.J., and METER and OWENS, JJ.

PER CURIAM.

A jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and the trial court sentenced him to life imprisonment for the murder conviction and a concurrent prison term of 38 months to 5 years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm defendant's convictions and sentences, but remand for further proceedings regarding the trial court's assessment of $600 in court costs.

Defendant's convictions arise from the shooting death of 17-year-old Jerean Blake, who was shot outside a store in Detroit. Blake died from a single gunshot wound to the chest. The prosecutor's theory at trial, which was supported by substantial evidence, was that defendant confronted Blake outside the store because defendant did not like the way Blake was looking at him. During the brief confrontation, defendant told Blake to remain there (at the store), and defendant said he would return with "something for you." Defendant left, but returned a few minutes later and shot Blake in the chest. Several witnesses identified defendant as the person who confronted Blake and who returned a few minutes later and shot him. The defense theory at trial was that defendant's brother, Shrron Hurt, was the person responsible for shooting Blake.

## I. PLEA WITHDRAWAL

Defendant first argues that the trial court erred when it granted the prosecutor's motion to set aside defendant's guilty plea to a reduced charge of second-degree murder.

On the date originally scheduled for trial, defendant agreed to a plea and sentence agreement whereby defendant was permitted to plead guilty to second-degree murder, felon in

possession of a firearm, and felony-firearm, and receive a minimum sentence of 28 years for the second-degree murder conviction. In exchange for these considerations, the agreement, both as recited in writing and on the record at the plea hearing, required defendant to "testify truthfully about the individual who supplied him with the gun he used to shoot the victim." The agreement also provided that if defendant cooperated and testified truthfully, the prosecution would ask the judge at sentencing to reduce defendant's sentence by two years. Defendant thereafter refused to testify against codefendant Charles Damon Jones, the person identified as having supplied defendant with the gun used to shoot Blake.[1] Consequently, the prosecutor moved to set aside defendant's plea, and the trial court granted the motion.

The prosecution is generally bound by the terms of a plea agreement once a defendant performs his part of the agreement. *People v Heiler*, 79 Mich App 714, 720; 262 NW2d 890 (1977); see also *People v Lombardo*, 216 Mich App 500, 512; 549 NW2d 596 (1996). In such a case, a defendant may obtain specific performance of the agreement. *People v Gallego*, 430 Mich 443, 450-451; 424 NW2d 470 (1988); *People v Reagan*, 395 Mich 306, 314-316; 235 NW2d 581 (1975); *People v Arriaga*, 199 Mich App 166, 168; 501 NW2d 200 (1993); *People v Jackson*, 192 Mich App 10, 17; 480 NW2d 283 (1991). However, MCR 6.310(E) provides that "[o]n the prosecutor's motion, the court may vacate a plea if the defendant has failed to comply with the terms of a plea agreement." This Court reviews the trial court's decision on a motion to withdraw a plea for an abuse of discretion. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. Underlying questions of law are reviewed de novo, while a trial court's factual findings are reviewed for clear error." *Id.* at 646-647, quoting *People v Terrell*, 289 Mich App 553, 559; 797 NW2d 684 (2010).

Defendant's plea agreement required him to testify against his codefendant to receive the benefit of the bargain. The prosecutor recited the terms of the plea agreement on the record, stating, in pertinent part:

> The Defendant must testify truthfully about the individual who supplied him with the gun he used to shoot the victim. If the Defendant cooperates and testifies truthfully any time we ask him, then we will allow – we will be asking the sentencing judge – if we're satisfied with his testimony, to reduce his sentence by two years. The Defendant must testify at all hearings requested and must submit to a polygraph if requested.

The plea and sentence agreement was also reduced to writing, and provides, in relevant part, that "[d]efendant must testify truthfully about who supplied him with the gun to shoot the victim."

---

[1] Defendant was tried jointly with codefendant Jones, before separate juries. Jones was convicted of second-degree murder, MCL 750.317, and perjury, MCL 750.422, but acquitted of felony-firearm and felon in possession of a firearm. Jones's appeal of his convictions is pending in Docket No. 324384.

We reject defendant's argument that his refusal to testify against codefendant Jones did not breach the plea agreement, and that the sole penalty for his refusal to testify was the loss of the opportunity for a two-year reduction of his minimum sentence for second-degree murder. Although the plea agreement provided defendant with an opportunity to obtain a two-year reduction from the agreed upon 28-year minimum sentence if he cooperated, it did not entitle him to receive the remaining benefits of his bargain (i.e., the opportunity to plead to a lesser offense of second-degree murder and receive a 28-year minimum sentence) without providing truthful testimony when asked. Indeed, defendant expressly acknowledged at the plea hearing that if he failed "to testify truthfully the Prosecutor has the right to come back to court and ask to withdraw the plea offer." Thus, defendant clearly was aware at the time of his plea that the prosecutor could seek withdrawal of the plea if defendant failed to provide truthful testimony when requested.

It is undisputed that defendant repeatedly refused to testify when asked. Thus, he breached the terms of his plea agreement, and was not entitled to specific performance of the agreement. Accordingly, the trial court did not abuse its discretion in granting the prosecutor's motion to set aside defendant's plea.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Turning to defendant's next issue, trial counsel was not ineffective for failing to either move for a mistrial or request a cautionary instruction after his brother, Shrron Hurt, made a remark about defendant having been previously incarcerated. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review is limited to errors apparent from the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). To establish ineffective assistance of counsel, defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced defendant that he was denied a fair trial. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). Defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). To establish prejudice, defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

Defendant challenges the remark made by Hurt during the direct examination by the prosecutor:

> *Q*. You say he's your brother?
>
> *A*. Yeah.
>
> *Q*. Blood brother?
>
> *A*. Yes.
>
> *Q*. Okay. And have you known him your whole life?
>
> *A*. No. He was locked up half of my life.

-3-

*Q.* Well, he's older than you or younger than you?

*A.* Older.

The decision whether to request a mistrial is generally considered a tactical one. *People v Barker*, 161 Mich App 296, 307; 409 NW2d 813 (1987). In *Barker, id.* at 305, this Court explained:

The power to declare a mistrial should "be used with the greatest caution, only under urgent circumstances, and for very plain and obvious causes." 2 Gillespie, Michigan Criminal Law & Procedure (2nd ed), § 698, p 426. A mistrial will not be declared as a consequence of any mere irregularity which is not prejudicial to the rights of the defendant. *People v Watson,* 307 Mich 596; 12 NW2d 476 (1943). . . . The test is the defendant's inability to get a fair trial. *People v Partee,* 130 Mich App 119; 342 NW2d 903 (1983); 2 Gillespie, *supra,* p 429.

In this case, Hurt's statement was made as part of a nonresponsive answer to an otherwise proper question, and the prosecutor did not further pursue or comment on the subject. Defense counsel presumably was aware that volunteered and unresponsive statements by a prosecution witness are generally not grounds for declaring a mistrial. *Barker*, 161 Mich App at 306. Nothing suggests that the prosecutor intended to solicit the response from Hurt or knew that Hurt would mention defendant's prior incarceration when asked simply how long he had known defendant. Because the comment was unresponsive, as well as brief and isolated, and the prosecutor did not further pursue or comment on the subject, it was not objectively unreasonable for defense counsel to believe that it did not rise to the level requiring a mistrial. Moreover, the jury was already aware that defendant had a prior felony conviction because of the felon-in-possession charge, and counsel reasonably may have believed that there was little potential for undue prejudice because of the remark.

Counsel's decision not to request a cautionary instruction was also a matter of trial strategy and it was reasonable strategy not to request a cautionary instruction in order to avoid re-emphasizing it. *Id.* at 304. Moreover, in the following exchange on cross-examination, defense counsel quoted a portion of Hurt's police statement that also alluded to defendant's prior incarceration:

*Q.* (*By Mr. Cripps, continuing*): "When my brother did his ten years last time, I took care of his daughter and everything. Where was the love at when you were thinking like that to do me like that? I got kids at home myself. You gonna take me away from my kids for something you fucked up and did? Excuse my language. Yeah. That bothered me."

Is that the way you testified at that hearing?

*A.* That is correct.

This record indicates that defense counsel used the fact of defendant's prior incarceration to show why Hurt, who provided damaging trial testimony against defendant, may have harbored

-4-

resentment against defendant, and thus may have been biased or had a reason to testify falsely against him. Under these circumstances, defendant has failed to overcome the presumption that defense counsel's failure to request a cautionary instruction was a matter of reasonable trial strategy.

### III. EXCLUSION OF HEARSAY

Defendant next argues that the trial court erred when it excluded proposed testimony from a defense witness, Charles Howard, as inadmissible hearsay. Defendant sought to present Howard's testimony that two individuals, whom he knew only as D and Jay, informed him that Hurt had separately told them that he shot Blake. Defendant argued below that the testimony was admissible under MRE 804(b)(3), the hearsay exception for statements against the declarant's penal interest. The trial court disagreed and excluded the testimony. We review a trial court's decision to exclude evidence for an abuse of discretion, and review any preliminary questions of law de novo. *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003).

MRE 804(b)(3) provides that the following statement is not excluded by the hearsay rule if the declarant is unavailable as a witness:

> A statement which was at the time of its making . . . so far tended to subject the declarant to civil or criminal liability, . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

In *People v Barrera*, 451 Mich 261, 268; 547 NW2d 280 (1996), the Court explained that the admissibility of a statement under MRE 804(b)(3) depends on the following factors:

> (1) whether the declarant was unavailable, (2) whether the statement was against penal interest, (3) whether a reasonable person in the declarant's position would have believed the statement to be true, and (4) whether corroborating circumstances clearly indicated the trustworthiness of the statement.

As the trial court noted, a significant problem with the proposed testimony was that it involved hearsay within hearsay. Defendant sought to have Howard testify regarding D's and Jay's hearsay statements to him, which in turn related Hurt's hearsay statements to both D and Jay. Hearsay within hearsay is not admissible unless each level of the evidence satisfies a viable exception to the hearsay rule. *People v Hawkins*, 114 Mich App 714, 719; 319 NW2d 644 (1982). Defendant offered the testimony only under the hearsay exception for statements against the declarant's penal interest. Although defendant argues that Hurt's statements to D and Jay were against Hurt's penal interest, and that the circumstances surrounding Hurt's statements to them render the statements trustworthy, there is no basis for concluding that D's and Jay's statements to Howard were against D's and Jay's penal interests. D's and Jay's statements relating a third-party confession by Hurt did not tend to expose D and Jay to civil or criminal liability. Moreover, defendant does not explain why the circumstances surrounding D's and

Jay's statements to Howard render them trustworthy. See *Barrera*, 451 Mich at 274-275. Thus, regardless of the admissibility of Hurt's statements to D and Jay, defendant has not established that D's and Jay's statements to Howard were admissible under MRE 804(b)(3). Accordingly, the trial court did not abuse its discretion in excluding Howard's proposed testimony under MRE 804(b)(3).

Defendant alternatively argues, for the first time on appeal, that Howard's testimony was admissible under MRE 803(24), the catchall hearsay exception. Because defendant did not offer the testimony under that rule at trial, this issue is not preserved. Accordingly, review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 761-767; 597 NW2d 130 (1999).

MRE 803(24) provides:

> A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact, (B) the statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts, and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of the statement makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

To be admissible under MRE 803(24), a statement must have circumstantial guarantees of trustworthiness. Defendant's arguments are again directed exclusively at the alleged trustworthiness of Hurt's statements to D and Jay. Defendant does not explain why D's and Jay's statements to Howard should be considered trustworthy for purposes of MRE 803(24). Because defendant fails to clearly establish that D's and Jay's statements to Howard were admissible under MRE 803(24), he has not shown a plain error.

Defendant also argues that the trial court's exclusion of Howard's testimony violated his constitutional right to present a defense. Defendant did not assert this constitutional claim in the trial court, so review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 761-767. Defendant's reliance on *Chambers v Mississippi*, 410 US 284; 93 S Ct 1038; 35 L Ed 2d 297 (1973), is misplaced. In *Chambers*, the trial court excluded as inadmissible hearsay testimony from three witnesses who said that a third party had confessed to killing a police officer. *Id.* at 289. The Supreme Court reversed the defendant's conviction because, although the excluded statements were hearsay, the three witnesses who heard the statement were available for cross-examination at trial. *Id.* at 300. In addition, the declarant was also available for cross-examination. *Id.* at 301. The trial court had also followed a state rule of evidence that only admitted declarations against pecuniary interest, not penal interest. *Id.* at 299. The Supreme Court held that it was probable that the statement was sufficiently trustworthy to be admitted under the rationale supporting the use of statements against penal interest. *Id.* at 302.

In contrast to *Chambers*, this case involves multiple layers of hearsay, neither D nor Jay were available for cross-examination, and there is no basis for concluding that their statements to Howard should be considered inherently trustworthy. Further, defendant does not assert that the application of MRE 804(b)(3) was arbitrary or disproportionate to the purpose it was designed to serve, and defendant was otherwise permitted to advance his theory that Hurt was the shooter. Therefore, defendant has not established that the exclusion of Howard's proposed testimony amounted to constitutional error. See *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012); *Hawkins*, 114 Mich App at 720-721.

## IV. COURT COSTS

Relying on *People v Cunningham*, 496 Mich 145; 852 NW2d 118 (2014), defendant argues that the trial court's award of $600 in court costs must be vacated because, despite the trial court's general authority to assess costs under MCL 769.1k(1)(b)(*ii*), the statutes proscribing the offenses for which defendant was convicted did not separately authorize an award of costs. After *Cunningham* was decided, the Legislature amended MCL 769.1k. As amended, MCL 769.1k(1)(b)(*iii*) now allows for the imposition of "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." As held in *People v Konopka*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 319913); slip op at 6-7, the amended statute applies retroactively to all fines, costs, and assessments imposed before June 18, 2014. See 2014 PA 352, § 1. Thus, the trial court had the authority to assess costs. However, the court failed to identify a factual basis for its award of costs, precluding a determination whether the costs imposed were "reasonably related to the actual costs incurred." Therefore, we remand this case to the trial court to establish a factual basis for the award of costs.

We affirm defendant's convictions, but remand for a determination of the reasonableness of the court costs in light of the actual costs incurred. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Donald S. Owens