*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 7, 2022

Plaintiff-Appellee,

v

No. 355826
Delta Circuit Court
LC No. 19-009876-FH

BOBBI JO GODFREY,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MURRAY and O'BRIEN, JJ.

PER CURIAM.

Following a bench trial, defendant was convicted of possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced defendant as a habitual third offender, MCL 769.11(1)(a), to serve 3 to 20 years' imprisonment. Defendant appeals her conviction and sentence by delayed leave granted.[1] We affirm defendant's conviction, but we vacate her sentence and remand for resentencing.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 3, 2019, defendant was pulled over by the police for a traffic stop. After obtaining consent to search the vehicle, a police officer found an "Ice Breakers" brand mint container in defendant's purse. Inside the container were a few partially-smoked cigarettes, a rolled marijuana joint, a short headphone-jack adapter cord, and a clear plastic baggie containing crystals that were determined to be methamphetamine. The container is round and puck-shaped, approximately 2½ inches across and perhaps an inch deep. The container has two flip-up openings on the top, the largest of which opens slightly more than half of the top surface. The top is white, and the bottom and sides are green and seemingly slightly translucent. The plastic baggie was approximately one inch long and three-quarters of an inch wide. In a photograph taken of the container, the baggie containing several crystals is visible underneath the other items in the

---

[1] *People v Godfrey*, unpublished order of the Court of Appeals, entered April 7, 2021 (Docket No. 355826).

container. Defendant denied any knowledge of the methamphetamine but admitted to placing the other items in the container. Defendant was arrested and charged with possession of methamphetamine.

At a bench trial, the two police officers who were present at the traffic stop testified that the baggie with methamphetamine was visible upon opening the mint container, consistent with the photograph described above. The officer who transported defendant to jail stated that defendant told him that she had used methamphetamine five days before her arrest. Additionally, a detective testified that he spoke with defendant while she was in jail, and defendant told him that she had used methamphetamine a few days prior to her arrest and that she purchased methamphetamine every other day. Defendant testified that she found the mint container while doing laundry at a friend's house, placed the other items inside, and never saw or noticed the bag of methamphetamine. Defendant did not dispute the presence of methamphetamine, but rather only her knowledge of its presence.

On October 23, 2019, the trial court found defendant guilty of possession of methamphetamine. Specifically, the trial court found defendant's claim that she was unaware of the methamphetamine not credible and found that she was "either fully aware that the container had a packet of methamphetamine in it, or that she was personally responsible for placing the packet in the container in the first place." The trial court sentenced defendant as a habitual third offender to serve 3 to 20 years' imprisonment. Defendant subsequently filed a motion for resentencing, arguing that the trial court failed to sentence her pursuant to an agreement that the prosecution would drop the habitual-offender enhancement if defendant waived her right to a preliminary examination. The trial court denied defendant's motion, and this appeal followed.

## II. SENTENCING AGREEMENT

Defendant argues that she is entitled to resentencing because the trial court failed to sentence her pursuant to a sentencing agreement with the prosecutor. Specifically, defendant asserts that the prosecution agreed not to file a habitual-offender enhancement if she waived her right to a preliminary examination. She contends that because she did in fact waive her preliminary examination, she is entitled to resentencing within the terms of that agreement. Although we disagree with defendant's reasoning, we conclude that the record compels the conclusion that she is entitled to resentencing.

We review a trial court's decision on a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019).

The record reflects that a plea agreement had been offered to defendant at one point, although it was apparently never reduced to writing or made in open court. At a hearing on May 6, 2019, both the prosecutor and defendant's counsel explained to the trial court that defendant had been given an offer that would have involved dropping the habitual-offender enhancement if she entered a plea of guilty before her preliminary examination. However, both attorneys agreed that because defendant actually went to the preliminary examination, and the prosecutor had officers there ready to testify, the offer was terminated. Defendant nevertheless waived her preliminary

examination,[2] and she later told the trial court that she did so because she believed the habitual-offender notice would be dropped. The trial court immediately offered defendant the option of going back to district court to have a preliminary examination with her presumption of innocence still intact,[3] but defendant declined the offer.

After defendant was convicted, she moved for resentencing, arguing that, as she consistently maintained throughout the case, she had been offered the plea agreement to drop the habitual offender notice with no conditions beyond waiving her preliminary examination. Unfortunately, by that time, defendant's original trial counsel was deceased. The prosecutor pointed out that no such promise was ever placed on the record, and "our offers are always conditioned on a plea, it is never conditioned simply on a waiver of a prelim." The trial court concluded that it could not "find on these facts that there was any proper basis upon which the argument can be made that the habitual third was not going to be used in the sentencing process."

> Pursuant to MCR 2.507(G),[4]
>
> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

The above court rule applies in criminal matters. *People v Mooradian*, 221 Mich App 316, 318-320; 561 NW2d 495 (1997). The minimal available evidence suggests that an agreement of some kind *was* offered, but that it was conditioned upon defendant waiving the preliminary examination before the day of that examination. Furthermore, it is clear that, in light of the prosecutor's statements and the death of defendant's trial counsel, it is impossible to verify what had specifically been communicated to defendant. Ultimately, because no agreement was reduced to writing or made in open court, the trial court did not abuse its discretion by declining to resentence defendant strictly on the basis of defendant's claimed recollections.

However, our review of the record reveals an anomaly: on September 25, 2020, a motion and order of nolle prosequi was entered, dismissing the habitual offender notice without prejudice. The order includes a motion, which states:

---

[2] Defendant contends that "no waiver of arraignment was filed with the Court," but the lower court record does contain a preliminary examination waiver signed by defendant on April 4, 2019, and entered on April 5, 2019.

[3] A scheduling order entered on April 12, 2019, unambiguously stated that after 4:00 p.m. on May 3, 2019, only unconditional guilty pleas would be accepted. Defendant's colloquy regarding her waiver took place at a hearing on May 6, 2019.

[4] Formerly MCR 2.507(H).

[the trial prosecutor], prosecuting official, moves for a nolle prosequi in this case for the following reason(s): The Judge found the defendant guilty of Count 1. The prosecution will dismiss the Habitual Offender-Third Offense Notice.

The motion was signed by the trial prosecutor. The order then states that the motion is granted as to the habitual offender notice, and it was signed by the same trial judge who presided over the rest of the proceedings. The motion and order states on its face that it pertains to the same lower court file number, 19-009876-FH, and it is reflected in the lower court register of actions. Nevertheless, although the order was entered after sentencing, defendant had been sentenced as a habitual offender, and we are aware of no indication that defendant's sentence was modified. Inexplicably, the order was entered before defendant moved for resentencing, yet at no time did defendant, the prosecutor, or the trial court mention it.

In the absence of any other explanation for the order of nolle prosequi, we conclude that either defendant is entitled to the benefit of the order of nolle prosequi and must be resentenced accordingly, or the order of nolle prosequi constitutes evidence that defendant's recollection of the offered plea agreement was accurate and she likewise must be resentenced accordingly. At oral argument, both parties agreed that the order of nolle prosequi was valid and that defendant was entitled to resentencing. We therefore remand for resentencing.

## III. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence for the trial court to find her guilty of possession of methamphetamine. We disagree.

"We review claims of insufficient evidence de novo." *People v Kanaan*, 278 Mich App 594, 618; 751 NW2d 57 (2008). "When ascertaining whether sufficient evidence was presented in a bench trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *Id.* The reviewing court "must defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses and must resolve conflicts in the evidence in favor of the prosecution." *People v Savage*, 327 Mich App 604, 614-615; 935 NW2d 69 (2019) (quotation marks and citation omitted). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation omitted).

In this case, the trial court found defendant guilty of one count of possession of methamphetamine pursuant to MCL 333.7402(2)(b)(*i*), which provides that "[a] person shall not knowingly or intentionally possess a controlled substance." Possession of a controlled substance is proven by showing that the defendant had a "dominion or right of control over the drug with knowledge of its presence and character." *People v Meshell*, 265 Mich App 616, 621; 696 NW2d 754 (2005) (quotation marks and citations omitted). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622; see also *People v Fetterley*, 229 Mich App 511, 517-518; 583 NW2d 199 (1998).

-4-

Defendant contends only that the evidence was insufficient to prove that she knew she had methamphetamine and intended to possess it. We disagree. The police officer who pulled defendant over testified that defendant appeared "pretty nervous" when he approached her car because she was "[s]haking, not making much eye contact, [and] frantically digging through her purse." Police officers also testified that the baggie with methamphetamine was plainly visible upon opening the mint container. Further, the trial court expressly found defendant's claim that she was unaware of the methamphetamine's existence not credible. Not only does this Court give great deference to the fact-finder's credibility determination, see *Savage*, 327 Mich App at 613-614, but the trial court ably explained why defendant's claim was implausible:

> Common sense dictates that [defendant's] insertion of the other contents within the container would have required a visual inspection of the open part of the container. For her to be unaware of the methamphetamine baggie within the container at the time is extraordinarily unlikely, especially given the fact that the baggie was located amongst the items that she inserted and readily visible to the naked eye upon opening the larger flap as revealed through the [police officers'] testimony.

We have reviewed the photographs of the container and, on that basis, we cannot find error in the trial court's reasoning or conclusion. Finally, defendant made several statements to police officers about using and purchasing methamphetamine in the days prior to her arrest. Together, the evidence strongly supported a reasonable inference that defendant had knowledge of the methamphetamine in the container. Accordingly, the prosecution's evidence was sufficient to find beyond a reasonable doubt that defendant was guilty of possession of methamphetamine.[5]

Defendant's conviction is affirmed. Defendant's sentence is vacated, and the matter is remanded for resentencing without the habitual offender enhancement. Defendant's resentencing shall take priority on remand and shall be completed within 21 days of the entry of this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Christopher M. Murray
/s/ Colleen A. O'Brien

---

[5] Defendant also claims that her conviction was "against the great weight of the evidence." To the extent that defendant is raising this as an alternative argument, it is abandoned. "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Defendant's assertion regarding the great weight of the evidence is unsupported by facts or legal authority. Therefore, defendant has abandoned the issue.