*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 9, 2023

v

WILLIAM ROBERT HAACK,

        Defendant-Appellant.

No. 361021
Delta Circuit Court
LC Nos. 21-010569-FH;
        22-010646-FH

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Five days after a signed plea agreement was filed with the court, the prosecution revoked the plea offer because the assistant prosecuting attorney (APA) did not have the authority to enter into the agreement. Despite the APA's lack of authority, it is undisputed that the plea agreement is enforceable under MCR 2.507(G). The question is whether Haack is entitled to specific performance. Because Haack did not enter his guilty plea, the trial court did not accept the plea, Haack did not perform any acts in reliance on the agreement, and the mere passage of a few days is insufficient to establish detrimental reliance on the plea agreement, we find that the court did not err by denying Haack's motion for specific performance. We affirm.

## I. BACKGROUND

Haack was charged with several controlled substance offenses arising out of two separate incidents that occurred on December 17, 2020 and October 19, 2021.[1] On March 14, 2022, the trial court held a pretrial hearing for the 2020 incident and an arraignment/pretrial hearing for the 2021 incident. The APA conveyed to the court that the prosecution had offered a plea agreement

---

[1] In Delta Circuit Court case number 21-010569-FH, Haack was charged with two counts of possession of a controlled substance, second or subsequent offense, MCL 333.7413(2)(a), as a fourth habitual offender for the December 17, 2020 incident. And in Delta Circuit Court case number 22-010646-FH, he was charged with one count of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), as a fourth habitual offender for the October 19, 2021 incident.

wherein Haack would plead guilty to the felony drug charge without the habitual offender enhancement for the 2021 incident, and the charges arising out of the 2020 incident would be dismissed in exchange for that guilty plea. When the trial court judge explained the plea offer to Haack, the APA did not amend, retract, or correct the offer. Because the plea offer had not been formalized, the court ordered the parties to file a fully executed plea agreement with the court on or before March 25, 2022. On March 16, 2022, Haack and his attorney signed a plea agreement that was consistent with the plea offer placed on the record. One day later, on March 17, 2022, the APA signed the plea agreement on behalf of the prosecutor's office. The plea agreement was filed with the court on March 21, 2022.[2]

At the March 22, 2022 hearing on Haack's motion for bond, defense counsel informed the court that the parties had signed a plea agreement. The court inquired whether it was Haack's "desire to enter a plea today, pursuant to an agreement?" Haack replied yes. But the chief assistant prosecuting attorney (CAPA) asserted that the plea agreement was not approved by the CAPA or the prosecutor and the APA did not have authority to enter it. The CAPA acknowledged that the plea agreement was memorialized and signed by all parties, but informed the court that the prosecutor's office was revoking the offer. The CAPA maintained that either party could withdraw from the plea agreement before acceptance by the court, and Haack could not demonstrate reliance on the plea agreement that was signed just five days earlier. Defense counsel argued that the parties had a contract and thus Haack had the right to request specific performance of the plea agreement. The court found the plea agreement was enforceable under MCR 2.507(G), but ordered the parties to submit written memoranda on whether Haack was entitled to specific performance of the agreement.

Haack moved for specific performance of the plea agreement. He argued that the signed, written agreement was an enforceable contract under MCR 2.507(G) and that detrimental reliance is only relevant when determining whether a *verbal* plea agreement is enforceable. Notably, the prosecutor acknowledged that the plea agreement was enforceable under MCR 2.507(G), but contended that specific performance is not available until after a defendant has pleaded guilty or performed part of the plea agreement to his prejudice in reliance on the agreement. The prosecutor maintained that Haack had taken no action, was not prejudiced by the passage of four or five days between the signing of the plea agreement and the date the plea agreement was revoked, and could not demonstrate reliance to his detriment justifying specific performance. The prosecutor also denied that revoking the plea agreement constituted prosecutor misconduct.

The court found that the signed, written plea agreement was a binding offer under MCR 2.507(G). But the court determined that there was no abuse of discretion or abuse of power by prosecutor in revoking the unauthorized agreement. And because Haack did not enter his plea, he did not waive his constitutional presumption of innocence and thus the court found that he was not

---

[2] The plea agreement was filed in both of the lower court cases.

prejudiced. Accordingly, the court concluded that Haack was not entitled to specific performance of the plea agreement. Haack filed an application for leave to appeal, which we granted.[3]

## II. STANDARD OF REVIEW

We review the interpretation of court rules de novo. *People v Kimble*, 470 Mich 305, 308-309; 684 NW2d 669 (2004). We review a trial court's findings of fact for clear error. MCR 2.613(C); *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016).

## III. ANALYSIS

Haack argues that the trial court erred by finding that he was not entitled to specific performance of the plea agreement. We disagree.

A prosecutor is granted broad authority and discretion to determine whether to plea bargain, whether to prosecute, and what charges to file. *People v Jackson*, 192 Mich App 10, 15; 480 NW2d 283 (1991). "The authority of a prosecutor to make bargains with defendants has long been recognized as an essential component of the efficient administration of justice." *People v Martinez*, 307 Mich App 641, 651; 861 NW2d 905 (2014) (quotation marks and citations omitted). But there must be proper authority for the plea agreement. See *People v Gallego*, 430 Mich 443, 457; 424 NW2d 470 (1988) (concluding that the defendant was not entitled to specific performance of an agreement with the police that he would not be prosecuted because it was not authorized or approved by the prosecutor); *People v Reagan*, 395 Mich 306, 317-318; 235 NW2d 581 (1975) (holding that it was within the prosecution's power to enter into a plea agreement where the record reflected that it "was entered into with the knowledgeable concurrence of key members of the prosecutor's staff.") [W]hile analogous to a contract, plea bargains are not governed by the standards of commerce but must comport with the interests of justice in the administration of criminal laws." *Id*. "In other words, contractual theories will not be applied if to do so would subvert the ends of justice." *People v Swirles (After Remand)*, 218 Mich App 133, 135; 553 NW2d 357 (1996).

As our Supreme Court recognized in *People v Siebert*, 450 Mich 500, 509-510; 537 NW2d 891 (1995), a plea bargain is more than just a contract between the parties:

> As the judicial representative of the public interest, the trial judge is an impartial party whose duties and interests are separate from and independent of the interests of the prosecutor and defendant. The court's interest is in seeing that justice is done. In the context of plea and sentence agreements, the court's interest in imposing a just sentence is protected by its right to reject any agreement, except that which invades the prosecutor's charging authority. A trial court may reject

---

[3] *People v Haack*, unpublished order of the Court of Appeals, entered August 16, 2022 (Docket No. 361021).

-3-

pleas to reduced charges, and it may protect its sentencing discretion by rejecting sentence agreements.

Despite the fact that the APA did not have the requisite authority to extend the plea offer, the parties do not dispute the trial court's finding that the plea agreement was enforceable under MCR 2.507(G).[4] The question is whether the plea agreement will be enforced through specific performance. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v New York*, 404 US 257, 262; 92 S Ct 495; 30 L Ed 2d 427 (1971). If a prosecutor breaches a plea agreement, the relief available to a defendant will depend on the circumstances of the particular case. See *id*. at 263. The relief may include specific performance. See *Gallego*, 430 Mich at 457 (holding that the facts did not warrant specific performance for the breach of an unauthorized, non-plea agreement with the police); *Reagan*, 395 Mich at 317-319 (holding that the defendant was entitled to specific performance of a plea agreement because he had undergone a polygraph examination pursuant to the terms of the agreement and the trial court had approved and entered an order of nolle prosequi); *People v Lombardo*, 216 Mich App 500, 512; 549 NW2d 596 (1996) (holding that the defendant was entitled to specific performance of a plea agreement because she "provided her full cooperation and the police and prosecutor received what they had bargained for."); *People v Arriaga*, 199 Mich App 166, 168; 501 NW2d 200 (1993) (holding that the prosecution was bound by the terms of a plea agreement because the trial court had already accepted the defendant's guilty plea that was induced by the agreement ); *People v Jackson*, 192 Mich App 10, 17; 480 NW2d 283 (1991) (affirming the trial court's dismissal of the defendant's criminal charge after she acted in reliance on the prosecutor's agreement not to prosecute and provided her full cooperation). But specific performance is not available until *after* the trial court accepts a plea and a defendant has pleaded guilty or performed part of the plea agreement to his prejudice upon reliance on the agreement. See, e.g., *People v Nixten*, 183 Mich App 95, 97; 454 NW2d 160 (1990) (explaining that "once a trial court accepts a plea which was induced by such an agreement, the terms of that agreement must be fulfilled"). See also *People v Heiler*, 79 Mich App 714, 719 n 4; 262 NW2d 890 (1977) ("[S]pecific performance, or the alternate remedy of plea withdrawal, [is] available only after the plea ha[s] been accepted, defendant ha[s] acted to his prejudice in reliance upon the agreement, and the prosecutor ha[s] thereafter refused to perform its part of the bargain[.]").

A defendant does not have a constitutional right to have his guilty plea accepted. *Lynch v. Overholser*, 369 US 705, 719; 82 S Ct 1063; 8 LEd2d 211 (1962). A trial court has discretion to accept or reject a plea. MCR 6.302(A). "A defendant pleading guilty must enter an understanding, voluntary, and accurate plea." *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012). "To ensure that a guilty plea is accurate, the trial court must establish a factual basis for the plea.

---

[4] MCR 2.507(G), formerly MCR 2.507(H), provides that "[a]n agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney." MCR 2.507(G) is applicable in a criminal case through MCR 6.001(D). See *People v Mooradian*, 221 Mich App 316, 319; 561 NW2d 495 (1997).

-4-

In order for a plea to be voluntary and understanding, the defendant must be fully aware of the direct consequences of the plea." *People v Pointer-Bey*, 321 Mich App 609, 616; 909 NW2d 523 (2017) (quotation marks and citations omitted). When "a plea is offered pursuant to a bargain with the prosecutor, voluntariness depends upon the defendant's knowledge of the actual value of the bargain." *People v Williams*, 153 Mich App 346, 350; 395 NW2d 316 (1986) (quotation marks and citation omitted).

In this case, Haack has not pleaded guilty nor has the trial court accepted his plea. Other than the mere act of signing the plea agreement, Haack performed no acts in reliance on the plea agreement. And the passage of a few days between the signing of the agreement and the prosecutor's revocation is insufficient to establish detrimental reliance on the plea agreement. Accordingly, we find that the court did not err by denying Haack's motion for specific performance.

Affirmed.

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro