# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GILBERT ALVAREZ MARTINEZ,

        Defendant-Appellant.

FOR PUBLICATION
November 4, 2014
9:10 a.m.

No. 311804
Muskegon Circuit Court
LC No. 08-057122-FC

Before: SAWYER, P.J., and MARKEY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals by right his conviction following a bench trial of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(a). He was sentenced to 15 to 25 years' imprisonment. Defendant argues that the trial evidence was insufficient to support his conviction and, in a Standard 4 brief, that the trial court abused its discretion vacating his guilty plea to second-degree CSC, MCL 750.520c(1)(a), pursuant to a plea bargain with the prosecutor "to dismiss the original charge of first-degree CSC and . . . not bring any other charges regarding sexual contact or penetration with [the complainant] that grows out of this same investigation that occurred during the period of 1996 through 2000." The plea agreement also had a *Cobbs*[1] component that "the Court would not impose a minimum sentence of more than four years in" prison. The trial court accepted defendant's guilty plea pursuant to the plea bargain but vacated it before sentencing. We vacate defendant's conviction and sentence for first-degree CSC, and remand for sentencing on second-degree CSC in accordance with the plea agreement.

On October 29, 2001, defendant pleaded guilty to child sexually abusive activity involving the complaint. MCL 750.145c(2). Defendant was sentenced for that offense to 4 to 20 years' imprisonment. On March 14, 2007, defendant was granted parole but violated the terms of his release by attempting to contact the complainant, who informed her mother. The complainant disclosed to her mother that defendant had sexually assaulted her during the time of making the sexually abusive materials that were the subject of defendant's conviction. The complainant's mother contacted the police, resulting in defendant's arrest for parole violation.

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

In an interview with the police, defendant initially denied having any sexual contact with the complainant but later admitted to molesting her three times. He later claimed that his statement regarding molestation referred to his actions of producing videotapes. Based on the new allegations, the prosecutor charged defendant with one count of first-degree CSC, MCL 750.520b(1)(a), alleging an occurrence on or about 1996-2001 of "penile-vaginal and/or digital-vaginal" penetration of a victim under the age of 13. After a preliminary examination on November 4, 2008, defendant was bound over to circuit court. On February 27, 2009, the prosecution filed notice of its intent to introduce evidence under MRE 404(b), MCL 768.27, and MCL 768.27a, of other acts of "sexual contact and penetration by defendant with [the complainant] both before and after the charged events." And on April 20, 2009, the prosecutor moved to amend the information to allege three counts of first-degree CSC: (1) "digital-vaginal," (2) "penile-vaginal," and (3) "object-vaginal." This motion was based on the complainant's testimony at the preliminary examination concerning an uncharged act of intercourse and "many other acts of sexual penetration."

On September 14, 2009, the day on which the prosecutor's motion to amend the information was to be heard, defendant instead agreed to enter a guilty plea to second-degree CSC pursuant to the plea agreement noted already. The circuit court restated the parties' agreement as being that "the prosecutor agreed to dismiss the charge of criminal sexual conduct first degree and any other charges stemming out of this particular investigation in return for a plea of guilty by you to criminal sexual conduct in the second degree." The circuit court further stated the *Cobbs* portion of the agreement was that defendant's "minimum sentence will not be more than four years in the Michigan Department of Corrections and that you will receive credit for any time served waiting for trial on this particular offense and that it will not be consecutive to your parole term." The circuit court accepted defendant's plea and an order of nolle prosequi as to the original count of first-degree CSC entered on September 18, 2009. Defendant's sentencing was set for October 13, 2009 but adjourned several times.

On October 6, 2009, the complainant in an interview with a social worker, alleged new allegations regarding fellatio with defendant. Defendant does not dispute that the prosecutor was not previously aware of these allegations. The register of actions in this case reflects the filing of an information on October 7, 2009 but one is not contained in the circuit court file. Apparently, the prosecutor brought two counts of first-degree CSC involving oral penetration of the complainant in lower court file 10-59054-FC. On March 12, 2010, defendant moved to quash the new charges on the basis that they were barred by the plea agreement. On March 22, 2010, the prosecution filed a brief in opposition, arguing that the new charges were not covered by the plea agreement because defendant did not disclose them, and that because they were unknown to the prosecutor when the plea agreement was negotiated, they did not "grow[] out of [the] same investigation." Alternatively, the prosecution argued that defendant misled the prosecution into a disadvantageous agreement, or facts had come to light that were not within the fair contemplation of the agreement, or there was a mutual or unilateral mistake that warranted setting aside the agreement. See *People v Reagan*, 395 Mich 306, 318; 235 NW2d 581 (1975).

The circuit court held a hearing on defendant's motion to quash the new charges on April 9, 2010. At the hearing, the court reviewed the police reports that were available to the

prosecutor and defense counsel at the time the plea agreement was negotiated. The court reasoned that a mutual mistake of fact had occurred because the police reports on which the plea agreement was based did not contain allegations of fellatio. The court determined that the remedy was that "[t]he deal is off" and "[t]here is no plea agreement." The court also reasoned that because the plea agreement included a *Cobbs* component, "which the Court had to buy into also," the fact that the court was unaware of the allegations of fellatio strengthened the court's ruling that a mutual mistake of fact justified rescinding the plea agreement. As a result of the court's ruling, an order was entered vacating defendant's guilty plea to second-degree CSC,[2] and the new charges regarding fellatio were remanded to district for a preliminary examination.[3] The trial commenced on May 11, 2010 on the reinstated charge of first-degree CSC. The court reaffirmed its ruling vacating the bargained plea to second-degree CSC.

## I. STANDARD OF REVIEW

We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *People v Cole*, 491 Mich 325, 329; 817 NW2d 497 (2012). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. Underlying questions of law are reviewed de novo, while a trial court's factual findings are reviewed for clear error." *People v Terrell*, 289 Mich App 553, 559; 797 NW2d 684 (2010).

This case also presents questions regarding the interpretation of the court rules, and in particular MCR 6.310, which governs withdrawal or vacation of a plea. See *People v Brown*, 492 Mich 684, 687, 692; 822 NW2d 208 (2012). "The proper interpretation and application of a court rule is a question of law that is reviewed de novo." *Cole*, 491 Mich at 330. The rules of statutory construction also apply to court rules. *People v Williams*, 483 Mich 226, 232; 769 NW2d 605 (2009). "If the language of the court rule is clear and unambiguous, judicial construction is normally neither necessary nor permitted." *People v Strong*, 213 Mich App 107, 111; 539 NW2d 736 (1995). Thus, the unambiguous language of court rules must be enforced as written. *Williams*, 483 Mich at 232.

## II. ANALYSIS

## A. THE COURT RULES

At the time the trial court vacated defendant's plea, MCR 6.310(B)(1) provided as follows with respect to withdrawal of a plea after acceptance by the court but before sentencing:

---

[2] The order was signed April 16, 2010, but is date stamped April 19, 2010 and entered on the circuit court register of actions records as April 21, 2010.

[3] The record, although not entirely clear, suggests that defendant waived preliminary examination on the new charges in LC-10-59054-FC for the purpose of filing his motion to quash in the circuit court with the understanding that the case would be remanded to the district court for a preliminary examination if the circuit court's ruling was adverse to defendant.

(1) a plea may be withdrawn on the *defendant's motion* or with the *defendant's consent* only in the interest of justice, and may not be withdrawn if withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by subrule (C). [Emphasis added.]

It is patent that MCR 6.310(B)(1) did not permit the circuit court to vacate defendant's plea because defendant neither moved for such action nor consented to it.

Subsection E of MCR 6.310 is the only other possible provision that might apply to vacating defendant's plea before sentence. That subsection governs vacating a plea on the prosecutor's motion. It provides: "On the prosecutor's motion, the court may vacate a plea if the defendant has failed to comply with the terms of a plea agreement." In this case, although the prosecutor moved to vacate defendant's plea in the course of responding to defendant's motion to quash the information alleging new offenses,[4] the prosecutor's motion was not based on defendant failing to comply with the terms of the plea agreement. The record shows that defendant fully complied with his part of the plea bargain by pleading guilty to the count of second-degree CSC that was added to the information.

"A trial court's authority to vacate an accepted plea is governed by MCR 6.310(B) and C." *Strong*, 213 Mich App at 110. In *Strong*, the trial court vacated the defendant's plea to one count of assault with intent to commit second-degree CSC pursuant to a plea bargain in which the prosecutor agreed to dismiss charges of second-degree CSC and third-offense habitual offender; the plea bargain also included a prosecution sentence recommendation of county jail time. *Id*. at 108-109. The trial court vacated the defendant's plea because at the time of sentencing the defendant professed his innocence. *Id*. at 109-110. The defendant was subsequently convicted as originally charged and sentenced to three to thirty years' imprisonment. *Id*. at 108.

Except for relocating subsection C to subsection E, and designating subsection B as B(1), the essence of MCR 6.310(B)(1) and (E) have remained the same since *Strong* was decided.[5] Consequently, the holding of *Strong* applies equally to the instant case. The Court opined:

---

[4] Under MCR 2.119(A)(1), which is applicable in a criminal proceeding under MCR 6.001(D), a motion must (1) be in writing; (2) state with particularity the grounds and authority on which it is based; (3) state the relief or order sought; and (4) be signed by the party or attorney as provided in MCR 2.114. The part of the prosecutor's brief moving the court to vacate the plea (1) was in writing; (2) cited relevant case law in support of its position; (3) stated that it sought that the plea be vacated; and (4) was signed; thus, it was a proper motion before the trial court.

[5] MCR 6.310(B)(2) was adopted July 13, 2005. See 473 Mich xlii, lxiv. It addresses a defendant's right to withdraw a plea involving a sentence recommendation or sentence agreement, see *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982), or withdraw a plea involving a preliminary assessment of a possible sentence by the trial court, *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). MCR 6.310(B)(3) was added after the events in this case, by

Because the language used in the court rule is clear and unambiguous, we apply its plain and ordinary meaning. On its face, MCR 6.310 allows a trial court to set aside an accepted plea only where (1) a motion to withdraw the plea is brought by the defendant; (2) the court on its own motion and with the consent of the defendant sets aside the plea; or (3) a motion to vacate the plea is brought by the prosecution on the ground that the defendant has violated the terms of the plea agreement. The plain language of the court rule clearly limits the discretion of the trial court to vacate an accepted plea. The trial court may exercise its discretion to vacate an accepted plea only under the parameters of the court rule. [*Strong*, 213 Mich App at 111-112.]

The Court went on to hold that the trial court abused its discretion by vacating the defendant's plea because "defendant neither moved to withdraw his plea nor consented to its withdrawal." *Id*. at 112. Because on the facts of this case, neither MCR 6.310(B)(1) nor MCR 6.310(E) permitted the trial court to vacate defendant's guilty plea on its own motion or that of the prosecutor, we find that the trial court abused its discretion doing so.

That the court rules do not permit the trial court's action should normally end the analysis. Nevertheless, situations may arise that are simply not covered by the court rules. For example, in *People v Siebert*, 201 Mich App 402; 507 NW2d 211 (1993), aff'd in part, rev'd in part 450 Mich 500 (1995), the defendant faced drug charges that provided, on conviction, for a sentence of life in prison without parole. The prosecutor and defendant entered a plea and sentence bargain that required that defendant be sentenced to a prison term of twenty to thirty years. *Id*. at 404-405. The trial court, however, imposed a sentence of five to thirty years and denied the prosecutor's motion to vacate or withdraw from the plea under the rationale of *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982). The *Siebert* Court reasoned that MCR 6.310(C) [6] was not the only basis on which the prosecutor may withdraw from a plea agreement. *Siebert*, 201 Mich App at 406. Further, the court reasoned "that while *Killebrew* and MCR 6.302(C)(3) do not expressly provide prosecutors with a right to withdraw, neither is inconsistent with such a right. Indeed, *Killebrew* implies such a right in the case of a sentence agreement." *Siebert*, 201 Mich App at 408. The Court concluded that the trial court abused its discretion by not allowing the prosecutor to withdraw from the plea agreement after imposing a sentence less than agreed-upon term of years. *Id*. at 419. Consequently, we examine the circuit court's reasons apart from the court rules to justify its ruling vacating defendant's accepted plea.

order dated September 18, 2013, effective January 1, 2014. Subsection B(3) "clarifies that a defendant's misconduct that occurs between the time the plea is accepted and the defendant's sentencing may result in a forfeiture of the defendant's right to withdraw a plea in either a *Cobbs* or *Killebrew* case." 495 Mich lxxxi. The new amendment also modifies MCR 6.310(B)(2)(a) to "eliminate the ability of a defendant to withdraw a plea if the defendant and prosecutor agree that the prosecutor will recommend a particular sentence, but the court chooses to impose a sentence greater than that recommended by the prosecutor." *Id*. The record here reflects no misconduct by defendant that would implicate MCR 6.310(B)(3).

[6] Now MCR 6.310(E).

B. CONTRACT PRINCIPLES

"The authority of a prosecutor to make bargains with defendants has long been recognized as an essential component of the efficient administration of justice." *People v Jackson*, 192 Mich App 10, 14-15; 480 NW2d 283 (1991), citing *Santobello v New York*, 404 U.S. 257, 260-261; 92 S Ct 495; 30 L Ed 2d 427 (1971). The prosecutor's broad discretion in deciding what charges to bring is the underlying basis of plea-bargaining. *Id*. at 15. And, while analogous to a contract, plea bargains are not governed by the standards of commerce but must comport with the interests of justice in the administration of criminal laws. *Reagan*, 395 Mich at 314 (the standards of commerce do not and should not govern the administration of criminal justice); *Jackson*, 192 Mich App at 15 (strict contract theories or principles peculiar to commercial transactions may not apply). Thus, the scope of a plea bargain is determined by its terms under principles of contract interpretation but those terms must serve the interests of justice. See *People v Lombardo*, 216 Mich App 500, 510; 549 NW2d 596 (1996). "In other words, contractual theories will not be applied if to do so would subvert the ends of justice." *People v Swirles*, 218 Mich App 133, 135; 553 NW2d 357 (1996).

The cardinal rule of contract interpretation is to determine the parties' intent from the language of the contract. *Id*.; *Burkhardt v Bailey*, 260 Mich App 636, 656; 680 NW2d 453 (2004). In general, contract language is interpreted according to its plain meaning. *Holmes v Holmes*, 281 Mich App 575, 593; 760 NW2d 300 (2008). "An unambiguous contract must be enforced according to its terms." *Burkhardt*, 260 Mich App at 656. Further, a contract provision is not ambiguous because a word is undefined; rather, a contract's terms must be construed in accordance with their common meanings. *Henderson v State Farm Fire & Casualty Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). A court may not create an ambiguity where none exists. *Mahnick v Bell Co*, 256 Mich App 154, 159; 662 NW2d 830 (2003).

In this case, the circuit court interpreted "investigation" to mean "police reports in existence at the time of the plea." On this basis, the court concluded a mutual mistake of fact had occurred that vitiated the plea agreement because the subsequently revealed allegations were not contained in the police reports. This reasoning is flawed. First, the parties could have, but did not, state that the plea agreement was bounded by existing police reports. Further, Black's Law Dictionary (10th ed), defines "investigation" as "[t]he activity of trying to find out the truth about something, such as a crime . . . ." While a police investigation may be summarized in a police report, it is not the same as an "investigation." The circuit court erred by rewriting the parties' plea agreement. *Burkhardt*, 260 Mich App at 656-657; *Lombardo*, 216 Mich App at 510-511. While the parties could have stated that the prosecutor agreed not to bring additional charges that were disclosed in known police reports or to which defendant confessed his culpability, they did not do so. Instead, the phrase "grows out of this same investigation" must be understood by its relation to the agreement as a whole. *Holmes*, 281 Mich App at 596 (contracts are read as a whole, giving harmonious effect to each word and phrase). The prosecutor agreed to "not bring any other charges regarding sexual contact or penetration with [the complainant] that grows out of this same investigation that occurred during the period of 1996 through 2000." Thus, the "investigation" of other charges that would not be prosecuted

included (1) specific types of offenses—sexual contact or penetration; (2) against a named person, the complainant, and (3) during a specified timeframe—1996 through 2000.

The fact that the complainant, after defendant's plea pursuant to the agreement was accepted, disclosed allegations of additional offenses that were unknown to the prosecutor does not create a mutual mistake of fact. A mutual mistake of fact is "an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Ford Motor Co v Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006). Clearly, a mutual mistake of fact did not occur in the negotiation of the plea bargain in this case. Defendant is under no obligation to reveal the extent of his criminal behavior to the police or the prosecutor. Further, the prosecutor was aware at the time of the plea agreement of the possibility of other offenses involving the complaint, even if not to the extent that the complainant later alleged. No case law supports vacating the plea agreement under these circumstances. Quite the contrary, "[a]s a general rule, even unwise plea bargains are binding on the prosecutor." *People v Cummings*, 84 Mich App 509, 512; 269 NW2d 658 (1978).

The only other basis the circuit court asserted to justify vacating defendant's plea was that the court was involved in the agreement by expressing its preliminary assessment "on the record the length of sentence that, on the basis of the information then available to the judge, appear[ed] to be appropriate for the charged offense." *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). But the circuit court's "preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources." *Id*. Thus, the circuit court retains its discretion to impose what it later determines to be a just sentence, subject to defendant's right to "affirm or withdraw the plea." MCR 6.310(B)(2); *Cobbs*, 443 Mich at 281-283. The circuit court's retention of sentencing discretion, however, does not permit it to invade the prosecutor's charging authority that is the basis of the plea bargaining process. *Cobbs*, 443 Mich at 284; *Jackson*, 192 Mich App at 14-15. Consequently, the fact that new information came to light after the *Cobbs* plea was entered does not justify the circuit court in vacating defendant's bargained-for plea.

## C. CONCLUSION

We have found no basis under the court rules that would justify the circuit court's vacating defendant's plea to second-degree CSC pursuant to the bargain with the prosecutor that was stated on the record. Therefore, we conclude that the circuit court abused its discretion in doing so. *Strong*, 213 Mich App at 110-112. We have also found wanting the circuit court's reasons apart from the court rules for vacating defendant's plea. Neither contract principles nor the circuit court's participation in the plea bargain under *Cobbs* justifies vacating defendant's plea. We hold the bargained-for plea to second-degree CSC became binding when the circuit court accepted it. *Reagan*, 395 Mich at 318; *Jackson*, 192 Mich App at 15-16. We vacate

defendant's conviction and sentence for first-degree criminal sexual conduct and remand for sentencing on second-degree criminal sexual conduct in accordance with the plea agreement.[7] We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Cynthia Diane Stephens

---

[7] On remand, if the circuit court determines that it is in the interest of justice to impose a sentence outside the *Cobbs* evaluation, the circuit court shall afford defendant "the opportunity to affirm or withdraw the plea." MCR 6.310(B)(2).