# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 19, 2016

Plaintiff-Appellee,

v

No. 325595
Wayne Circuit Court
LC No. 11-010970-FC

ALFRED LEE GLOVER,

Defendant-Appellant.

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea convictions of assault with intent to commit murder, MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 8 to 25 years' imprisonment for the assault with intent to commit murder conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. We reverse and remand to the trial court in order to give defendant the opportunity to withdraw his guilty plea.

Defendant argues that he is entitled to withdraw his guilty plea because he pleaded guilty under the misunderstanding that the minimum sentence in the plea agreement was one year lower than the sentencing guidelines range. We agree.

The decision whether to permit a defendant to withdraw a guilty plea is within the discretion of the trial court, and there is no absolute right to withdraw a guilty plea. *People v Williams*, 288 Mich App 67, 71; 792 NW2d 384 (2010), aff'd 491 Mich 164 (2012). "We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion." *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). " 'An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. Underlying questions of law are reviewed de novo, while a trial court's factual findings are reviewed for clear error.' " *Id.* at 646-647 (citation omitted).

---

[1] See *People v Glover*, unpublished order of the Court of Appeals, entered February 26, 2015 (Docket No. 325595).

MCR 6.310(C) governs the procedure for plea withdrawal after sentencing. It provides, in relevant part:

> If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals. [MCR 6.310(C).]

"A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). "The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). See also *Brown*, 492 Mich at 688-689. This Court will not set aside a plea that was knowingly, intelligently, and voluntarily given. *People v Gonzalez*, 197 Mich App 385, 391; 496 NW2d 312 (1992). A guilty plea constitutes a waiver of constitutional rights, and " '[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012) (alteration in original), quoting *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970).

Defendant did not plead guilty with full knowledge of the circumstances of the plea, and there was a defect in the plea proceeding because the trial court informed defendant of an incorrect sentencing guidelines range. Defendant pleaded guilty pursuant to a plea agreement that included a sentence of 8 to 25 years' imprisonment for assault with intent to commit murder. The record in the case reveals that defendant pleaded guilty in the context of an understanding that he would be sentenced to 9 to 15 years' imprisonment for assault with intent to commit murder, in addition to two years' imprisonment for felony-firearm, without the agreed-upon sentence in the plea agreement. During the plea proceeding, the trial court stated:

> If you plead guilty to these charges your sentencing guidelines, as I understand it, begin with nine years. I would sentence you to the low end of the guidelines and give you a sentence to maybe 9 to 15 plus 2; that would be the lowest sentence you could get for these two charges.

One of the two prosecutors in the case then stated, "We went up and talked to our supervisor . . . and he has offered something, 8 to 25 plus 2, still with Assault with Intent to Murder not Great Bodily Harmless [sic] than Murder." The other prosecutor explained:

> Yes, your Honor, so that would allow him obviously to basically get eight plus two so that would be below the guidelines in this that he would get if he went to trial, you know, a year below the guidelines which normally we wouldn't offer when we have all witnesses here and we're ready to roll but our office is considering the defendant's age and in and those factors and things like that and the situation that's why we did make the offer below the guidelines.

-2-

Following a discussion off the record with defendant, defense counsel requested that the prosecutor take "a couple years off" of the sentence. The prosecutor declined, explaining that his supervisor would not decrease the sentence in the plea agreement. Defense counsel noted that defendant was going to accept the plea, and defendant pleaded guilty. The trial court read defendant's rights to him, and a factual basis for the plea was established and accepted. The court explained when reading defendant his rights:

> Okay. You've heard the deal that was put on the record earlier, apparently, that is if you plead guilty as charged to the Assault with Intent to Murder, Felony Firearm, the People would agree to a sentence on the Assault with Intent to Murder somewhat lower than the sentencing guidelines would mandate, that is 8 to 25 years, and then that would be consecutive to 2 years on the Felony [F]irearm.

At sentencing, the prosecutor noted that offense variable (OV) 6 was assessed at 25 points and argued that it should be assessed at 50 points. The court determined that OV 6 was correctly assessed at 25 points. The prosecutor and defense counsel then agreed that the correct sentencing guidelines range was 81 to 135 months' imprisonment. Thus, the sentencing guidelines range began at 6 ¾ years' imprisonment. The court observed that "the sentence agreement is sort of on the low end there." The court then sentenced defendant to 8 to 25 years' imprisonment for assault with intent to commit murder, and two years' imprisonment for felony-firearm. Defendant filed a motion to withdraw the guilty plea, which the trial court denied.

We conclude that defendant did not knowingly plead guilty because defendant pleaded guilty under the mistaken belief that he would receive a sentence constituting a one-year departure from the sentencing guidelines range. The record in this case reveals that the parties agreed to a minimum sentence for assault with intent to commit murder one year below the minimum sentence that the trial court intended to impose under the sentencing guidelines. The trial court and the prosecution represented to defendant that the minimum sentence in the plea agreement was one year below the sentencing guidelines range. The trial court instructed defendant that the minimum sentence in the plea agreement would be lower than the sentencing guidelines range and that the lowest sentence that defendant could receive for assault with intent to commit murder without the plea agreement was 9 to 15 years' imprisonment. However, the sentencing guidelines range began at 81 months, or approximately 6 ¾ years', imprisonment. Thus, defendant pleaded guilty under the misunderstanding that his plea would result in a minimum sentence that was approximately one year lower than the sentencing guidelines range. The trial court later determined that defendant's minimum sentence was within the sentencing guidelines range, rather than below it. Therefore, we conclude that defendant's plea was not knowingly made because defendant pleaded guilty under the misunderstanding that his minimum

sentence for assault with intent to commit murder would be lower than the minimum sentence that the trial court would impose under the sentencing guidelines.[2]

Defendant also argues that he is entitled to withdraw his guilty plea because the trial court refused to inquire into whether he required accommodations in light of the fact that he is legally blind. Defendant further contends that defense counsel rendered ineffective assistance when counsel failed to request the accommodations. Lastly, defendant contends in his Standard 4 brief that he is entitled to withdraw his guilty plea because the prosecutor's promise to drop the fourth habitual offender sentence enhancement in exchange for the guilty plea rendered the plea illusory. We need not reach these issues in light of the fact that we reverse and remand to the trial court in order to give defendant the opportunity to withdraw his guilty plea.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly

---

[2] Defendant argues that the plea was illusory. However, we conclude that the more fundamental issue with the guilty plea is the fact that defendant did not knowingly plead guilty under the circumstances of this case.