# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADRIAN DESHONE PERSON,

        Defendant-Appellant.

UNPUBLISHED
February 27, 2018

No. 335219
Eaton Circuit Court
LC No. 15-020356-FH

Before: MURPHY, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

Defendant pleaded no contest to a charge of aggravated domestic violence, MCL 750.81a, and guilty to charges of witness intimidation, MCL 750.122, and unlawful use of a motor vehicle, MCL 750.414. He was sentenced as a fourth habitual offender, MCL 769.12 to 3 to 15 years in prison on the witness intimidation and unlawful use of a motor vehicle convictions, and to 142 days for the domestic violence charge. He appeals by leave granted and we affirm.

Defendant's plea was made pursuant to an agreement under *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993). As part of the plea process, the trial court indicated that it was inclined to sentence defendant to probation with eight to ten months in jail. Defendant entered the plea, which was accepted by the court, and defendant was remanded to the county jail.

At sentencing, the prosecutor informed the court that defendant had violated an order entered at arraignment that defendant have no contact with the victim. Specifically, defendant called the victim 139 times from the Eaton County Jail, 120 of which occurred after defendant's plea. The prosecutor argued that the trial court was no longer bound by the *Cobbs* agreement because of defendant's misconduct by having contact with the victim. Defendant admitted to contact with the victim, stating that he "didn't know no better" and that he had only received a copy of the order two days earlier. When asked if he had heard the judge at arraignment verbally tell him to have no contact with the victim, defendant responded that he was "stressed out" at the time and did not know if the judge had told him of the no-contact requirement. The trial court concluded that, because of defendant's misconduct, the court was no longer bound by the *Cobbs* agreement and sentenced defendant within guidelines as outlined above.

Defendant moved for either specific performance of the sentence agreement or to be allowed to withdraw his plea. He argued that the "Pre-trial Protective Order" expired at trial or,

-1-

in this case, at the plea and was no longer in effect when he made the phone calls to the victim after his plea. The prosecutor argued that, because the order had no expiration date, it continued into effect until the trial court sentenced defendant to prison and lost jurisdiction over him. The trial court agreed with plaintiff and denied defendant's motion. Defendant now appeals and we affirm.

We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). Questions of law are reviewed de novo and a trial court's findings of fact are reviewed for clear errors. *People v Terrell*, 289 Mich App 553, 559; 797 NW2d 684 (2010).

Under *Cobbs, supra*, during plea negotiations, a trial court may give a preliminary assessment of the likely sentence that a defendant will receive if he pleads guilty or no contest, but the trial court is not obligated to impose that sentence. 443 Mich at 283. But a defendant has the right to withdraw his plea if the ultimate sentence exceeds the preliminary evaluation. *Id.* An exception exists under MCR 6.310(B)(3). Under that rule, a defendant is not entitled to withdraw a plea if the defendant engages in misconduct after the plea and before sentencing; misconduct includes violating a court order pending sentencing.

Because it is clear that defendant, even by his own admission, had contact with the victim following the plea, we must resolve defendant's argument that the "Pre-trial Protective Order" was no longer in effect after defendant's plea. Defendant's argument is without merit.

First, defendant's argument assumes that the word "pre-trial" describes the time period during which the order applies. But it is more likely that it describes when the order was entered; i.e., before trial. That is, it was an order that was entered "pre-trial" rather than an order that controls the "pre-trial" period. As the trial court pointed out, if the word "pre-trial" was removed from the title in the order, nothing in the order would suggest that the order had an expiration date or otherwise only applied to the pre-trial period. Had the court intended its order to only be in effect during the pre-trial period, language in the order itself, not just a single word in its title, would have made that fact clear.

Second, even if we were to agree that the word "pre-trial" describes the time period of the order, we are not convinced of defendant's argument that his plea is the equivalent of a trial so as to terminate the order. That is, by virtue of defendant's plea, no trial has occurred in this case. If we accept defendant's strict reading of "pre" in "pre-trial," then we must also take a strict reading of "trial" in "pre-trial" and, ultimately, the case remained in the "pre-trial" stage. Indeed, the irony of defendant's argument is that, if his interpretation is embraced, he will be allowed to withdraw his plea and this case would immediately return to the "pre-trial" stage and the order would once again be in effect.[1] Yet, the only reason for this turn of events is

---

[1] Defendant does also argue for specific performance of the agreement, which would avoid a trial. But it is clear that defendant's only remedy would be withdrawal of the plea, not specific performance of the agreement. MCR 6.310(B)(2)(b); see also *People v Brown*, 492 Mich 684, 705; 822 NW2d 208 (2012) (YOUNG, C.J., concurring in part and dissenting in part).

defendant's own conduct between the plea and sentencing. Moreover, defendant provides no authority for the proposition that a plea is, in fact, the equivalent of a trial in these circumstances.

Turning to defendant's argument that he was simply unaware of the trial court's no-contact order, the record support's the trial court's determination that defendant was aware of the requirement. He was informed in open court that the court was entering such an order. While defendant stated at sentencing that he was not sure if he had heard the court because he was "stressed out," defendant had asked a question about the million-dollar bond imposed by the court in the same sentence in which it ordered that he not have contact with the victim. This would support the conclusion that he had, in fact, heard the court.

As for defendant's argument that he was denied the effective assistance of counsel, that argument is also without merit. First, defendant argues that counsel should have told him that he was to have no contact with the victim. The court had already done so, there is no need for the attorney to repeat it; a lawyer's pronouncement does not carry greater weight than the judge's. Second, defendant argues that counsel should have told the victim not to visit defendant in jail. There is no obligation for an attorney to communicate with the victim about what the defendant is not allowed to do. Moreover, defendant's misconduct involved more than just agreeing to see the victim when she visited him at the jail; it also involved defendant making telephone calls from the jail to the victim. But more to the point, the no-contact order controlled defendant's conduct, not the victim's.

For these reasons, we conclude that the trial court did not err by concluding that defendant had engaged in misconduct between the plea and sentencing. That misconduct relieved the trial court of any need to follow the *Cobbs* agreement without allowing defendant to withdraw his plea.

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Jane M. Beckering