*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 21, 2019

v

ROBERT CECIL BURR II,

Defendant-Appellant.

No. 340195
Ogemaw Circuit Court
LC No. 15-004517-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant, Robert Burr II, pleaded no contest to second-degree arson, MCL 750.73(1). In November 2015, he was sentenced to a minimum of 156 months in prison, which exceeded the minimum sentencing guidelines range. In January 2016, he was resentenced to a term of 10 to 20 years in prison. In March 2017, he was resentenced to a term of 10 to 20 years. Burr appeals by leave granted.[1] For the reasons stated in this opinion, we vacate and remand for resentencing.

## I. BASIC FACTS

In September 2015, Burr pleaded no contest to one count of second-degree arson. In exchange for his plea, the prosecutor (1) amended the charge from first-degree arson to second-degree arson, (2) dismissed the habitual offender notice, and (3) dismissed a charge in a different case. Furthermore, the prosecutor and Burr also "agreed that his sentencing guidelines for this offense that he's pleading to are 78 to 130, and that he will be sentenced within those guidelines."

---

[1] *People v Burr II*, unpublished order of the Court of Appeals, entered March 28, 2018 (Docket No. 340195).

On November 4, 2015, the trial court departed upward from the minimum sentencing guidelines range and sentenced Burr to serve 13 to 20 years for the offense. Burr moved for resentencing, contending that his plea agreement entitled him to be resentenced within the sentencing guidelines range or to be given the opportunity to withdraw his plea in light of the court's intention to impose a sentence outside the guidelines range. The prosecutor did not oppose resentencing and informed the court that the agreement was that Burr was to be sentenced within the guidelines range. The trial court stated that it would "go along with the plea agreement," and it resentenced Burr to 10 to 20 years, which was a sentence within the guidelines range.

Subsequently, Burr filed a motion for relief from judgment under MCR 6.502. The court granted the motion in part in order to correct an error in scoring offense variable (OV) 17. The prosecutor conceded that OV 17 was improperly scored. Due to the change in scoring, Burr's minimum sentencing guidelines range lowered to 57 to 95 months. Burr, representing himself, requested that he be permitted to withdraw his plea. The court, however, did not provide him with an opportunity to withdraw his plea. Instead, the court proceeded with resentencing. In doing so, the court noted that the sentencing guidelines were advisory and that any sentence imposed had to satisfy the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). The court reasoned that, under the circumstances, in order to impose a reasonable and proportionate sentence the court had to depart from the guidelines range. Accordingly, the court resentenced Burr to 120 months to 20 years. Burr objected, again noting that there was a plea agreement providing that he would be sentenced within a correctly scored guidelines range. He requested to be either sentenced within the corrected guidelines range of 57 to 95 months or to be allowed to withdraw his plea. The court responded that "[t]here was no *Killebrew*[2] plea on the record in this case that I read," and declined to amend its sentencing decision further. In a later proceeding, the court acknowledged that there was a plea agreement, but it concluded that in the agreement Burr consented to be sentenced to 78 to 120 months. The court, therefore, reasoned that although it departed upward from the corrected guidelines range, it still imposed a sentence contemplated by the plea bargain so it did not have to give Burr an opportunity to withdraw his plea.

## II. OPPORTUNITY TO WITHDRAW PLEA

### A. STANDARD OF REVIEW

Burr argues that the trial court erred by imposing a sentence outside his correctly scored minimum guidelines range without first giving him an opportunity to withdraw his plea. This Court reviews for an abuse of discretion a trial court's decision on a motion to withdraw a plea. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id*.

---

[2] *People v Killebrew*, 416 Mich 189; 330 NW2d 834 (1982).

## B. ANALYSIS

It is well-established that a prosecutor and a defendant may enter into a plea bargain that includes a sentencing agreement. *People v Killebrew*, 416 Mich 189, 194; 330 NW2d 834 (1982).. It is equally well-established that the trial court retains the discretion to disregard that sentencing agreement and impose a lesser or more severe sentence. *Id.* at 209; *People v Siebert*, 450 Mich 500, 504; 537 NW2d 891 (1995) (opinion by BOYLE, J.). In that regard, MCR 6.302(C)(3) provides:

> (3) If there is a plea agreement and its terms provide for the defendant's plea to be made in exchange for a sentence to a specified term or within a specified range or a prosecutorial sentence recommendation, the court may
>
> (a) reject the agreement; or
>
> (b) accept the agreement after having considered the presentence report, in which event it must sentence the defendant to a specified term or within a specified range as agreed to; or
>
> (c) accept the agreement without having considered the presentence report; or
>
> (d) take the plea agreement under advisement.
>
> If the court accepts the agreement without having considered the presentence report or takes the plea agreement under advisement, it must explain to the defendant that the court is not bound to follow an agreement to a sentence for a specified term or within a specified range or a recommendation agreed to by the prosecutor, and that if the court choose not to follow an agreement to a sentence for a specified term or within a specified range, the defendant will be allowed to withdraw from the plea agreement. . . .

See also *Killebrew*, 416 Mich at 194-195 (holding that when a court does not intend to honor a sentencing agreement between the prosecutor and the defendant, the defendant must be given the opportunity to affirm or withdraw his plea); see also *Siebert*, 450 Mich at 510-511 (recognizing that if the court imposes a lower sentence than agreed upon, the prosecutor must also be given the opportunity to withdraw from the plea agreement).

In this case, the plea agreement was for Burr to be sentenced within the minimum sentencing guidelines range. At the time the agreement was entered into, the prosecutor, the court, and the defendant believed that the guidelines range was correctly scored as 78 to 120 months, and they expressed that Burr's sentence would be within "those" guidelines. Yet, although the parties referred to a specific guidelines range, we conclude that there was no agreement for a sentence within 78 to 128 months. This case is analogous to *People v Smith*, 319 Mich App 1; 900 NW2d 108 (2017). In *Smith*, the defendant pleaded guilty to armed robbery in exchange for an agreement that he would receive a sentence at the low end of the sentencing guidelines range. *Id.* at 2-3. At the time he pleaded guilty, the prosecutor and the defendant

-3-

agreed that the guidelines range was 126 to 220 months; however, it was later determined that the correct range was 81 to 135 months. *Id*. at 2, 5. Yet, the court chose to impose a minimum sentence of 126 months, which was *not* at the low end of the accurately scored guidelines range. *Id*. at 4, 8. On appeal, this Court reasoned that implicit in the plea agreement was the understanding that the defendant would be sentenced at the low end of an accurately scored guidelines range. *Id*. at 8. Likewise, in this case, it is implicit in the plea agreement that Burr would be sentenced within an accurately scored guidelines range. Thus, before sentencing Burr to a sentence outside the guidelines range, the court was required to give him an opportunity to withdraw his plea. *Killebrew*, 416 Mich at 194-195; MCR 6.302(C)(3). Because it did not do so, we vacate Burr's sentence and remand for resentencing.[3]

Vacated and remanded for resentencing. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto

---

[3] Given our resolution, we need not address the remaining issues raised by Burr in his brief on appeal and in his supplemental brief on appeal.