*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 7, 2020

v

DONALD DARNELL APPLING,

Defendant-Appellant.

No. 346906
Ingham Circuit Court
LC No. 16-000220-FH

Before: CAVANAGH, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to withdraw his no-contest plea. Defendant pleaded no contest to first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (sexual penetration during the commission of another felony), and he was sentenced to serve 8 to 12 years' imprisonment. We affirm.

On appeal, defendant argues that the trial court abused its discretion when it denied his motion to withdraw his plea. This Court reviews a trial court's denial of a motion for plea withdrawal for an abuse of discretion. *People v Fonville*, 291 Mich App 363, 375; 804 NW2d 878 (2011). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id*. This Court reviews de novo underlying questions of law and it reviews for clear error the trial court's factual findings. *People v Martinez*, 307 Mich App 641, 646-647; 861 NW2d 905 (2014). "A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

Defendant argues that he was entitled to withdraw his plea because he was not advised of the requirement that he register under the Sex Offender Registration Act (SORA), MCL 28.721 *et*

---

[1] *People v Appling*, unpublished order of the Court of Appeals, entered February 25, 2019 (Docket No. 346906).

*seq.*, before he entered his plea; therefore, defendant argues, his plea was not voluntary and knowingly made. We disagree.

At the time defendant moved to withdraw his plea, MCR 6.310(C), as amended July 13, 2005, 473 Mich lxv-lxvi (2005), provided:

> Motion to Withdraw Plea After Sentence. The defendant may file a motion to withdraw the plea within 6 months after sentence. Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500. If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquires made become part of the plea proceeding for the purposes of further proceedings, including appeals.

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Al-Shara*, 311 Mich App 560, 567; 876 NW2d 826 (2015) (quotation marks and citation omitted). A defendant may move to have his or her plea set aside on the basis of an error in the plea proceedings. MCR 6.310(B)(1). "A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012).

"The [trial] court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). "Before accepting a plea of guilty or nolo contendere, the trial court must place the defendant or defendants under oath and personally carry out subrules (B)-(E)." MCR 6.302(A). MCR 6.302(B) provides, in pertinent part:

> An Understanding Plea. Speaking directly to the defendant or defendants, the court must advise the defendant or defendants of the following and determine that each defendant understands:
>
> (1) the name of the offense to which the defendant is pleading; the court is not obliged to explain the elements of the offense, or possible defenses;
>
> (2) the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law, including a requirement for mandatory lifetime electronic monitoring under MCL 750.520b or 750.520c.

Under SORA, an individual who is convicted of a "listed offense" is required to register. MCL 28.723(1)(a). A "listed offense" means a tier I, tier II, or tier III offense. MCL 28.722(j). CSC-I is a tier III offense. MCL 28.722(w)(*iv*). An individual convicted of a tier III offense is required to register under SORA for his or her lifetime. MCL 28.725(12).

-2-

Defendant cites *Fonville*, 291 Mich App 363, to support his argument that his plea was not voluntary and knowing. In *Fonville*, this Court concluded that defense counsel's failure to inform the defendant that his plea required registration as a sex offender affected whether the defendant's plea was knowingly made. *Id*. at 394. However, this case is distinguishable from *Fonville* because the *Fonville* Court concluded that the defendant was prejudiced as a result of his counsel's failure to inform the defendant of the SORA registration requirement. *Id*. at 395. In this case, defendant does not argue that his counsel was ineffective for failing to inform him of the SORA registration requirement.

Further, although defendant argues that the trial court erred by failing to inform him of the lifetime SORA registration requirement, the record indicates that defendant was aware that a conviction of CSC-I required lifetime SORA registration. The trial court did not abuse its discretion when it concluded that defendant was not entitled to withdraw his plea on the basis that his plea was not voluntarily and knowingly made, because the trial court did not clearly err when it found that defendant was aware of the required lifetime registration under SORA at the time he entered his plea.

Affirmed.

/s/ Mark J. Cavanagh
/s/ David H. Sawyer
/s/ Michael J. Riordan

-3-