*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 27, 2023

Plaintiff-Appellee,

v

No. 359685
Jackson Circuit Court
LC No. 20-001632-FH

RICHARD EUGENE DEAN,

Defendant-Appellant.

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his guilty-plea conviction of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), and carrying a concealed weapon, MCL 750.227. Defendant was sentenced to concurrent terms of 105 to 240 months' imprisonment for possession with intent to deliver and 24 to 60 months' imprisonment for carrying a concealed weapon. On appeal, defendant argues that the trial court violated MCR 6.006 by conducting his sentencing hearing via Zoom without obtaining a waiver of his right to appear in person. We affirm.

## I. FACTUAL BACKGROUND

Defendant pleaded guilty to possession with intent to deliver methamphetamine and carrying a concealed weapon. He attended his felony sentencing virtually via Zoom. Defendant did not object to proceeding via Zoom, but also never waived the right to be physically present. After the sentencing hearing, defendant filed a motion for resentencing, arguing that an error in his presentence investigation report (PSIR) caused a scoring error, and that sentencing him via Zoom violated his right to be physically present under MCR 6.006. The trial court denied defendant's motion for resentencing. Defendant filed a motion for reconsideration, again arguing that the court violated MCR 6.006 by sentencing him via Zoom. The court denied the motion for

---

[1] *People v Dean*, unpublished order of the Court of Appeals, entered March 3, 2022 (Docket No. 359685).

reconsideration, finding that Zoom was an adequate replacement for in-person proceedings in light of the COVID-19 pandemic, which was ongoing when defendant was sentenced in November 2020. Specifically, the court noted that "[d]efendant did not have the option to appear in person due to the mandate of the Michigan Supreme Court[,]" referencing the fact that an administrative order of the Michigan Supreme Court entered in response to the COVID-19 pandemic required trial courts to make a good faith effort to conduct proceedings remotely when possible. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court violated MCR 6.006 by conducting his sentencing hearing via Zoom without first obtaining a waiver of his right to appear in person at sentencing. We disagree.

"Interpretation of court rules presents a question of law that we review de novo." *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). The same principles that govern statutory interpretation also govern the interpretation of court rules. *People v Martinez*, 307 Mich App 641, 647; 861 NW2d 905 (2014). "If the language of the court rule is clear and unambiguous, judicial construction is normally neither necessary nor permitted," and the rule must be enforced as written. *People v Strong*, 213 Mich App 107, 111; 539 NW2d 736 (1995); see also *Martinez*, 307 Mich App at 647.

Criminal defendants have a constitutional right to be present during any stage of judicial proceedings in which substantial rights may be adversely affected. *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984). For felony defendants, this right includes the right to be physically present at sentencing. *People v Heller*, 316 Mich App 314, 317-318; 891 NW2d 541 (2016). MCR 6.006 governs the use of videoconferencing technology in court proceedings. When defendant was sentenced in 2020, MCR 6.006 stated, in relevant part:

> (A) Defendant in the Courtroom or at a Separate Location. District and circuit courts may use two-way interactive video technology to conduct the following proceedings between a courtroom and a prison, jail, or other location: initial arraignments on the warrant or complaint, probable cause conferences, arraignments on the information, pretrial conferences, pleas, sentencings for misdemeanor offenses, show cause hearings, waivers and adjournments of extradition, referrals for forensic determination of competency, waivers and adjournments of preliminary examinations, and hearings on postjudgment motions to amend restitution. [MCR 6.006(A).][2]

---

[2] MCR 6.006 has been amended several times since defendant was sentenced. Effective May 3, 2023, the most recent version of the rule states, in relevant part:

> (A) Generally.

Defendant and the prosecution agree that defendant is entitled to resentencing. Each party cites *Heller* for the proposition that under MCR 6.006, felony sentencings cannot be conducted using videoconferencing technology because doing so would render the sentencing process fundamentally unfair. While this is largely true, and *Heller* is certainly still good law, neither party acknowledges that *Heller* was decided in 2016, well before the COVID-19 pandemic changed the legal landscape by increasing the use of videoconferencing technology in Michigan courts. Moreover, the parties only cursorily address the fact that trial courts were operating in accordance with Administrative Order No. 2020-06, 505 Mich cxxxiv (2020), rescinded by ADM No. 2020-08, 507 Mich cxcix (2021), when defendant was sentenced in November 2020.

AO 2020-6, which was in effect from April 7, 2020 through July 26, 2021, required the trial courts to conduct court proceedings remotely in an effort to quell the spread of COVID-19. This Court addressed the application of AO 2020-6 to sentencing hearings in *People v Anderson*, 341 Mich App 272; 989 NW2d 832 (2022).[3] There, the defendant appeared remotely for his felony

(1) Except as otherwise provided by this rule, the use of videoconferencing technology under this rule is subject to MCR 2.407.

(2) A court may, at the request of any participant, or sua sponte, allow the use of videoconferencing technology by any participant in any criminal proceeding.

\* \* \*

(B) Mode of Proceedings in Cases Cognizable in the Circuit Court.

(1) Generally. Circuit courts may use videoconferencing technology to conduct any non-evidentiary or trial proceeding.

\* \* \*

(3) Presumed Mode. In all other proceedings, the in-person appearance of the parties, witnesses, and other participants is presumed.

[3] We acknowledge that this Court has addressed AO 2020-6 in a number of unpublished opinions both before and after *Anderson*. See, e.g., *People v Christian*, unpublished per curiam opinion of the Court of Appeals, issued August 19, 2021 (Docket No. 356693); *People v Webb*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2022 (Docket No. 356943). However, *Anderson* is the only published opinion of this Court directly addressing MCR 6.006 and AO 2020-6. It is thus binding authority that "has precedential effect under the rule of stare decisis." MCR 7.215(C)(2). An application for leave to appeal in *Anderson* was held in abeyance by our Supreme Court pending the outcome in *People v Enciso*, 509 Mich 937; 972 NW2d 49 (2022), another case concerning remote sentencing hearings. *People v Anderson*, ___ Mich ___; 978 NW2d 835 (2022). The Supreme Court has since denied leave in *Enciso*, see *People v Enciso*, ___ Mich ___; 989 NW2d 243 (2023), but the application in *Anderson* is still pending. Thus, under the rule of stare decisis, we remain bound by *Anderson*.

sentencing hearing without objection or waiving his right to be physically present. *Id*. at 281. This Court held that the defendant's remote sentencing did not violate MCR 6.006(A) because "AO 2020-6 superseded that rule while it remained in effect." *Id*. at 282. Here, like the defendant in *Anderson*, defendant appeared remotely at his sentencing hearing. He did not object to appearing remotely and did not waive his right to appear in person. AO 2020-6 was in effect when defendant was sentenced, and *Anderson* made clear that while it was in effect, AO 2020-6 superseded MCR 6.006. 341 Mich App at 282. Accordingly, defendant cannot establish entitlement to relief.[4]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Michelle M. Rick

---

[4] Along with a discussion of MCR 6.006, *Anderson* and *Heller* also addressed whether remote sentencing hearings violated a defendant's constitutional rights, since felony sentencing is a critical stage of criminal proceedings. Here, defendant has limited his argument to the application of MCR 6.006, and makes no argument regarding whether remote sentencing violated his constitutional rights. To the extent that his argument could incidentally be interpreted to include a constitutional challenge, we consider the issue abandoned for lack of adequate briefing. See *People v Iannucci*, 314 Mich App 542, 545; 887 NW2d 817 (2016) ("The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." (quotation marks and citation omitted).).