# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUSTIN DEWAYNE JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
August 9, 2018

No. 335014
Wayne Circuit Court
LC No. 15-006290-01-FC

Before: RIORDAN, P.J., and K. F. KELLY and BOONSTRA, JJ.

PER CURIAM.

This interlocutory appeal has been remanded by our Supreme Court for consideration as on leave granted.[1] Defendant appeals his guilty plea and sentence. We reverse the trial court's order denying defendant's motion to withdraw his guilty plea and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty to two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(e), one count of accosting a minor, MCL 750.145a, and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The charges related to the sexual assault of a 15-year-old girl as she walked to her Detroit high school on the morning of June 3, 2015. During allocution, defendant admitted that he had penetrated the victim's vagina with his finger and penis without her consent while armed with a handgun. He further admitted asking the victim to perform oral sex, which she refused to do.

Before sentencing, defendant requested that he be allowed to withdraw his plea on the basis that it was involuntary and unknowing. The trial court denied defendant's request. At sentencing, the trial court assessed 10 points for offense variable (OV) 3 (physical injury to a

---

[1] This Court originally denied defendant's delayed application for leave to appeal. *People v Johnson*, unpublished order of the Court of Appeals, entered December 12, 2016 (Docket No. 335014). Our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. See *People v Johnson*, 500 Mich 1019 (2017).

victim requiring medical treatment), 10 points for OV 4 (psychological injury to the victim), and 15 points for OV 8 (asportation of the victim to a place or situation of greater danger). The trial court overruled defendant's objection to these assessments, and proceeded to sentence defendant to concurrent prison terms of 18 to 40 years for each CSC-I conviction, and three months to four years for the accosting a minor conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. It denied defendant's post-sentencing motion to withdraw his guilty plea and to correct his sentence.

## II. WITHDRAWAL OF GUILTY PLEA

Defendant first argues that the trial court should have permitted him to withdraw his guilty plea because it did not inform him at the time of the plea about the maximum possible prison sentences for the offenses and the requirement of mandatory lifetime electronic monitoring associated with his convictions of CSC-I.[2] Defendant maintains that this rendered his plea unknowing and involuntary. We agree. We review a trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. Underlying questions of law are reviewed de novo, while a trial court's factual findings are reviewed for clear error." *Id*. at 646-647 (citations omitted).

"There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). "A defendant seeking to withdraw his or her plea after sentencing must demonstrate a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012). A defendant's guilty plea will not be set aside if it was "understanding, voluntary, and accurate." *Id*. at 688-689; MCR 6.302(A). The plea is understanding and voluntary if a defendant is "fully aware of the direct consequences of the plea." *People v Cole*, 491 Mich 324, 333; 817 NW2d 497 (2012) (citation omitted).

Under MCR 6.302(B)(2), the trial court must inform the defendant of "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law, including a requirement for mandatory lifetime electronic monitoring under MCL 750.520b [first-degree CSC] or MCL 750.520c [second-degree CSC.]" As our Supreme Court has explained, mandatory lifetime electronic monitoring, required under MCL 750.520n(1), is not

---

[2] At the time defendant was sentenced, this Court had held in *People v Brantley*, 296 Mich App 546, 557-558; 823 NW2d 290 (2012), abrogated in part by *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017), that the statutory language in MCL 750.520b and MCL 520n(1) required that mandatory lifetime electronic monitoring be imposed for all CSC-I convictions, regardless of the victim's age or the subsection of MCL 750.520b under which the defendant was convicted. This interpretation was upheld with some modification in *Comer*, in which our Supreme Court held that lifetime electronic monitoring is mandated for all CSC-I convictions except when a defendant is sentenced to life without the possibility of parole. *Comer*, 500 Mich at 289. Therefore, defendant's conviction for violating MCL 750.520b(e) (offender armed with a weapon) was subject to mandatory lifetime electronic monitoring.

only a direct consequence of a defendant's guilty plea, but part of the sentence itself. *Cole*, 491 Mich at 335-337. Therefore,

> due process requires the trial court to inform the defendant entering the plea that he or she will be subject to mandatory lifetime electronic monitoring. And because MCR 6.302 is premised on constitutional due-process requirements, a defendant who will be subject to mandatory lifetime electronic monitoring must be so *advised by the trial court at the time of the plea hearing* in order to satisfy the court rule's requirement that the plea be understanding and voluntary. [*Id*. at 337 (emphasis added).]

In this case, defendant has demonstrated a defect in the plea-taking process that renders his plea unknowing and involuntary. Under MCL 750.520n, because defendant pleaded guilty to CSC-I under MCL 750.520b, he was subject to lifetime electronic monitoring as part of his sentence. There is no record evidence that defendant was informed *at the plea hearing by the trial court* that he would be subject to mandatory lifetime electronic monitoring as a consequence of his plea, or that he was advised of the maximum possible prison sentence for the offenses, before entering his guilty plea. In denying defendant's motion to withdraw his plea, the trial court did not address this defect. But under *Cole*, MCR 6.302 requires that such information be imparted to a defendant at the time he enters his plea. *Cole*, 491 Mich at 337.[3] Therefore, by failing to inform defendant of the maximum possible prison sentence and the requirement of mandatory lifetime electronic monitoring, the trial court failed to comply with MCR 6.302 and defendant's plea was not knowing and voluntary. *Id*.

Accordingly, we reverse the trial court's order denying defendant's motion to withdraw his guilty plea. Under MCR 6.310(C), defendant must be fully informed of the consequences of his plea and then given "the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C). We remand for this purpose. If defendant elects to withdraw his plea, the case may proceed to trial on the original charges. See MCR 6.312.[4]

---

[3] This is true notwithstanding the fact that the felony information, amended felony information, and warrant issued against defendant all contained information that the penalties for a CSC I conviction included mandatory lifetime electronic monitoring, as well as information that defendant was accused of violating MCL 750.520b(1), which carries a mandatory penalty of lifetime electronic monitoring as explained in the next subsection of the same statute, see MCL 750.520b(2)(d).

[4] Defendant also argues that he should be permitted to withdraw his guilty plea because he was denied the effective assistance of counsel during the plea-taking procedure. Because defendant will receive the relief he requests—an opportunity to withdraw his guilty plea—his ineffective assistance of counsel claim is moot and we need not address it. See *People v Jones*, 317 Mich App 416, 431-432; 894 NW2d 723 (2016).

## II. OFFENSE VARIABLES

Defendant also argues that the trial court erroneously assessed points for OVs 3, 4, and 8. We disagree. Although we are remanding to allow defendant the opportunity to withdraw his plea, we will address these sentencing issues in the event that defendant elects to allow his plea to stand. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

### A. OV 3

OV 3 considers physical injury to a victim, MCL 777.33(1), and a score of 10 points is appropriate if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). Bodily injury "encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). At sentencing, defendant argued that there was no evidence of a bodily injury or that the victim required medical attention for a bodily injury. However, the prosecution represented at sentencing[5] that the victim was taken to the hospital after the assault and given prophylactic drugs to prevent the possible transmittal of sexually-transmitted diseases and a contraceptive to prevent possible pregnancy. In *McDonald*, 293 Mich App at 298, we noted that both sexually-transmitted diseases and pregnancy, if they occurred as a result of a sexual assault, would constitute "bodily injury requiring medical treatment" under OV 3. Here, the victim was penetrated by defendant's penis without the use of a prophylactic device to prevent pregnancy or sexually-transmitted diseases, and the victim was taken to the hospital, not only to be examined for investigative purposes, but to be promptly treated to prevent those conditions from manifesting. Although in *McDonald*, 293 Mich App at 298, the victim actually developed an infection, the victim's "success in obtaining treatment" is not a factor in scoring this variable. MCL 777.33(3); *People v Maben*, 313 Mich App 545, 551; 884 NW2d 314 (2015). The trial court therefore did not err by assessing 10 points for OV 3.

### B. OV 4

OV 4 considers psychological injury to a victim, MCL 777.34(1), and the assessment of 10 points is appropriate if a "serious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). According to the presentence report, defendant pulled the victim into the woods and responded to her crying and pleas to be released by brandishing a gun and threatening to shoot her. After the assault, the responding police officer described the

---

[5] At sentencing, the trial court and the parties made reference to the prosecution's sentencing memorandum, which contained more details regarding the basis for the offense variable scores. This document does not appear in the file provided to this Court.

victim as "visibly distraught," and school security guards described her as visibly upset and having difficulty "get[ting] her words out." In a victim's impact statement, the victim's mother stated that the victim was receiving counseling services as she adjusts to "what has happened to her." These statements[6] support the trial court's determination that the victim suffered a serious psychological injury requiring professional treatment. Accordingly, the trial court did not err by assessing 10 points for OV 4. *Hardy*, 494 Mich at 438.

## C. OV 8

MCL 777.38(1)(a) requires assessment of 15 points if "[a] victim was asported to another place of greater danger or to a situation of greater danger[.]" MCL 777.38(1)(a). The "asportation" element of OV 8 is satisfied "[i]f a victim was carried away or removed to another place of greater danger or to a situation of greater danger[.]" *People v Barrera*, 500 Mich 14; 892 NW2d 789 (2017). The evidence revealed that as the victim walked through a field toward her high school, defendant pulled her "into the woods," where he assaulted her. A preponderance of the evidence supports the conclusion that defendant removed the victim to the woods in order make it less likely that the assault would be discovered, which rendered the location a "place of greater danger" or a "situation of greater danger." See *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). Although defendant asserts that he was acquitted of an additional charge of kidnapping, a conviction on that charge is not a prerequisite to the assessment of points under OV 8. Because a preponderance of the evidence shows that defendant took the victim into the woods, which was a place of greater danger, the trial court did not err by assessing 15 points for OV 8. *Hardy*, 494 Mich at 438.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra

---

[6] "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR . . . ." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). It may also properly rely on inferences that arise from the record evidence when making the findings underlying its scoring of offense variables. *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).